## NATIONAL CASH REGISTER CO. v. NATIONAL PAPER PRODUCTS CO.

(Court of Appeals of District of Columbia.    Submitted January 21, 1924.    Decided March 3, 1924.)

No. 1647.

Trade-marks and trade-names and unfair competition ⬅️44—Opposition by National Cash Register Company of registration of mark "National" by Paper Products Company dismissed.

The opposition of the National Cash Register Company, who had long used the word "National," as a trade-mark for cash registers and paper rolls for use therewith, to the registration of the same mark by the National Paper Products Company as a mark for toilet paper, paper towels, paper roll towels, and serpentine, a narrow ribbon of paper, in view of testimony that applicant's products could not be used in a cash register, *held* properly dismissed, as applicant's products in no way conflict with opposer's use.

Appeal from the Commissioner of Patents.

Application by the National Paper Products Company for the registration of a trade-mark, opposed by the National Cash Register Company.    From a decree dismissing the opposition, opposer appeals.    Affirmed.

Henry E. Stauffer, of Dayton, Ohio, and Melville Church and Alexander S. Steuart, both of Washington, D. C., for appellant.

William S. Graham, of San Francisco, Cal., and H. F. Riley, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice.    Appeal from a Patent Office decision, in a trade-mark opposition proceeding, dismissing the opposition.

The appellant, the National Cash Register Company, long prior to the adoption by appellee of the distinctively printed word "National" as a trade-mark, sold its cash registers and paper rolls for use therewith under its corporate name.    In its application appellee confined its

use of its mark to "toilet paper, paper towels, paper roll towels, and serpentine, a narrow ribbon of paper." It is not contended that confusion would result, unless from use of the mark on the last-named product.

The treasurer of the appellee company, produced as a witness for appellee, testified as follows:

"Q. Are you familiar with the kind of paper which is used in these registers for recording transactions? A. Yes.

"Q. Does your company make any paper of that type, or sell any paper of that type? A. It does not.

"Q. In your opinion, would it be possible to use any of the paper rolls which your company makes or sells in a cash register? A. No; they could not be used in a cash register. * * *

"Q. In your application for registration of this trade-mark, among the goods enumerated is serpentine. Will you please tell us what the nature and purpose of said serpentine are? A. Serpentine consists of small rolls of various colored paper used in carnivals and other celebrations for their decorative effects.

"Q. Is such serpentine ever put to any practical use? A. None whatever."

In the argument of the case in this court it was conceded by appellee's counsel that the paper designated as "serpentine" is not capable of being put to any practical use; that, by reason of the process to which it has been subjected, it assumes a spiral or serpentine form when unwrapped. It is apparent, in view of this testimony and concession, that appellee's claim to the use of this mark is restricted to a product that in no way can conflict with appellant's use. See National Cigar Stands Co. v. Frishmuth Bro. & Co., —— App. D. C. ——, 297 Fed. 348 present term. The decision therefore is affirmed.

Affirmed.