AMERICAN STEEL FOUNDRIES *v.* ROBERTSON, COMMISSIONER, ET AL.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 156. Argued November 16, 17, 1925.—Decided January 4, 1926.

1. The mere fact that one person has adopted and used a trademark on his goods does not prevent the adoption and use of the same trade-mark by others on articles of a different description. P. 379.
2. The law of trade-marks is but a part of the broader law of unfair competition, the general purpose of which is to prevent one person from passing off his goods or his business as the goods or business of another. *Id.*
3. Whether the name of a corporation be regarded as a trade-mark, a trade name, or both, the law affords protection against its appropriation on the same fundamental principles. P. 380.
4. The effect of assuming a name by a corporation under the law of its creation is to exclusively appropriate it as an element of the corporation's existence. *Id.*
5. Equity will enjoin the appropriation and use by another of a trade-mark or trade name resembling the name of a corporation where, from the closeness of the resemblance and the other facts of the particular case, it appears that confusion of identity may likely result to the injury of such corporation. P. 381.
6. The provision of § 5 of the Trade Mark Act of February 20, 1905, that no mark consisting merely of the name of a corporation shall be registered under the Act, is to be construed in harmony with the foregoing principles, and does not prevent registration of part of the name of a corporation where the partial appropriation is

unlikely to deceive or confuse the public to the injury of the corporation to which the name belongs.  P. 381.

7. The fact that the word "Simplex" was a salient part of the name of a corporation other than the applicant for registration, *held* not a ground for refusing registration, where the goods to which it was applied by the applicant were unlike those manufactured or sold by the corporation, where many registrations of the same word, singly or in combinations, had been made by others for other goods, and where it did not appear that, standing alone, the word denoted that corporation or any other, to the mind of the public. P. 382.

RESPONSE to questions certified by the Circuit Court of Appeals, upon appeal to that court from a decree of the District Court dismissing the bill, in a suit under Rev. Stats. § 4915 brought by the American Steel Foundries against the Commissioner of Patents and Simplex Electric Heating Co., to enforce registration of the word "Simplex" as a trade mark for articles made and sold by the plaintiff.  See 262 U. S. 209; 256 U. S. 40; 258 Fed. 160.

*Mr. George L. Wilkinson,* for American Steel Foundries.

*Solicitor General Mitchell* filed a memorandum, submitting the case without brief or argument, on behalf of Robertson, Commissioner.

*Mr. Nathan Heard,* for the Simplex Electric Heating Company.

The prohibition of the registration of the name of a person, firm, corporation, or association—that is, a personal name—is grounded on the same fundamental reason as the prohibition of the registration of a geographical term.  It rests upon the essential character of the mark, and has nothing to do with the character of the goods. Congress has enacted that such marks are not to be given the advantages of registration, but are to be left to the protection afforded at common law and usually to the

protection afforded by the law of unfair competition. Almost all the States, in their corporation acts, have provisions preventing the adoption by one corporation of a name the same as, or similar to, that of another; and this is entirely independent of the business carried on by the corporation. It is not the business, but the name, which these statutes aim to protect. Not only is such a provision common in state legislation, but it appears in federal legislation, as, for example, in " An Act to Establish a Code of Law for the District of Columbia," approved March 3, 1901, § 604, as amended.

The same principles affecting trade-mark character and registration are largely true of the names of persons, corporations, etc. But there is this difference: that a corporation, or other artificial person, may adopt either (a) the name of an individual, as, for example, " Remington," or (b) an entirely arbitrary name, as, for example, " Simplex." The former cannot be, the latter may be, a valid trade-mark. But in the Trade Mark Act the names of persons are always treated on precisely the same basis as the names of corporations. See *United Cigar Stores Co. v. Miller Bros. Co.*, 15 T. M. Rep. 143. The only exceptions which Congress has made are (a), in the very clause under consideration, by permitting registry if the name is written, etc., " in some particular or distinctive manner, or in association with a portrait of the individual "; (b), in the clause added to § 5 by the Act of February 18, 1911, which permits registry if the mark is " otherwise registerable " and is " the name of the applicant or a portion thereof "; (c), in the provisions of the so-called ten-year clause, forming a part of this § 5, permitting registry of any mark " in actual and exclusive use as a trade mark " during the ten years from February 20, 1895, to February 20, 1905; (d), in the provisions of the Act of March 19, 1920, granting certain limited privileges of registration. No serious contention can be made that the

prohibited mark must include every word in the corporate name.  *United Cigar Stores Co.* v. *Miller Bros. Co.,* 15 T. M. Rep. 143; *National Cigar Stands Co.* v. *Frishmuth Bro. & Co.,* 54 App. D. C. 275.

In the proviso of § 5, with which this case is concerned, the word "merely" is used three times.  In every case it is obviously an adverb modifying the verb "consists."  It means that the mark shall not be registered if it merely consists of (1) the name of an individual, firm, corporation, or association; (2) words or devices which are descriptive, etc.; (3) a geographical name or term.  The plaintiff in effect seeks to make the word "merely" in this section an adjective modifying the word "name," so as to make the section mean that the trade-mark shall not be registered if it consists of the entire, whole, complete name.  In the case of the name, with which we are here concerned, the section contains its own definition as to the meaning of the word "merely," that is—"not written, printed, impressed or woven in some particular or distinctive manner or in association with a portrait of the individual."  *Dunlap & Co.* v. *The Jackson and Gutman,* 13 T. M. Rep. 66; *Beckwith* v. *Com. of Patents,* 252 U. S. 538.  The amendment by the Act of February 18, 1911, is furthermore a distinct ratification by Congress of this construction of the clause in question.  It will be seen from the legislative history that the object was by amendment to prevent the prohibitory clause from denying registration to the applicant's own name, as had been done in *Ex parte Champion Safety Lock Co.,* 143 O. G. 1109, and *In re The Success Company,* 34 App. D. C. 443, and other cases.  The use of the words "or a portion thereof" in the amendatory Act, which reads: "That nothing herein shall prevent the registration of a trade mark otherwise registrable because of its being the name of the applicant or a portion thereof"—shows that the Act in the clause in question prevented, in the opinion of

Congress, the registration of a word which formed a por-tion only of a corporate name. Nowhere else in the Act, except in the clause in question, was there anything requiring this language.

Registration being a privilege, may be granted by Congress to such extent and to such classes of marks or persons as it may please. If property rights exist in a mark, that fact alone does not entitle the owner of such rights to registration. All provisions relating to registration are wholly statutory and may be modified or entirely withdrawn at any time. *Stamatopoulos* v. *Stephano Bros.*, 41 App. D. C. 590. There are no general principles of substantive law applicable, but all questions must be determined according to the terms and limitations of the statutes. Registration confers no title, and there is no vested right, or vested right of property in trade-mark registrations, and registration confers no new right of title. *Trade-Mark Cases*, 100 U. S. 82; *United Drug Co.* v. *Rectanus Co.*, 248 U. S. 90; *Hanover Star Milling Co.* v. *Metcalf*, 240 U. S. 403; *Andrew Jergens Co.* v. *Woodbury, Inc.*, 273 Fed. 953; *Ewing, Commissioner,* v. *Standard Oil Co.*, 42 App. D. C. 321.

The fundamental principles and the details of trademark legislation have throughout been treated arbitrarily and inconsistently by Congress. The history of the trademark legislation, the judicial construction placed upon § 5 of the Act of 1905, and the original and amendatory acts before and since the Act of 1905 establish the clear intent of Congress to enact and maintain in force the clause in controversy in its ordinary, natural meaning, and thus to enforce the construction given this clause repeatedly by the Court of Appeals of the District of Columbia. Act of 1870; Act of 1881; *G. & C. Merriam Co.* v. *Syndicate Pub. Co.* 237 U. S. 618; Act of 1905; *Kentucky Distilleries Co.* v. *Old Lexington Club Distillery Co.*, 31 App. D. C. 223; *Ex parte Champion Safety Lock Co.*, 143 O. G.

1109; *In re The Success Co.*, 34 App. D. C. 443; amendatory Act of February 18, 1911, c. 113, 36 Stat. 918; amendment of January 8, 1913, c. 7, 37 Stat. 649; *N. Y. Athletic Club* v. *John M. Given, Inc.*, 4 T. M. Rep. 172; *Asbestone Co.* v. *The Carey Mfg. Co.*, 41 App. D. C. 507; *In re United Drug Co.*, 44 App. D. C. 209; *Mansfield Tire & Rubber Co.* v. *Ford Motor Co.*, 44 App. D. C. 205; *Burrell & Co.* v. *Simplex Elec. Heating Co.*, 44 App. D. C. 452; *Simplex Elec. Heating Co.* v. *Ramey Co.*, 46 App. D. C. 400; *In re American Steel Foundries*, 258 Fed. 160; *Beechnut Cereal Co.* v. *Beech-Nut Packing Co.*, 273 Fed. 367; *Tinker* v. *Patterson Co.*, 287 Fed. 1014; *Howard Co.* v. *Baldwin Co.*, 48 App. D. C. 437; *In re Landis Machine Co.*, 298 Fed. 1019; *Bernet, Craft & Kauffman Co.* v. *Pussy Willow Co., Inc.*, 2 Fed. (2d) 1013; *Eversharp Pencil Co.* v. *American Safety Razor Co.*, 297 Fed. 894.

*National Cash Register Co.* v. *National Paper Products Co.*, 297 Fed. 351 turned upon the question of identity of goods, and the Court of Appeals, in its decision affirming the Commissioner of Patents, devoted itself entirely to that question.

The Circuit Court of Appeals for the Second Circuit, in *Stephano Bros., Inc.*, v. *Stamatopoulos*, 238 Fed. 89, has given the statute the same construction. During this long period the matter has been repeatedly brought to the attention of Congress, and Congress has amended the Act in the particulars which we have noted. The intent of Congress, therefore, to maintain the construction of this clause placed upon it by the Court of Appeals of the District of Columbia has been clearly evidenced. The Act of March 19, 1920, was for the very purpose of relieving cases like that of plaintiff.

Mr. Justice Sutherland delivered the opinion of the Court.

Plaintiff and its predecessor, the Simplex Railway Appliance Company, have used the trade-mark "Simplex"

on railway car bolsters since 1897 and on car couplers since 1907, the former being registered in the Patent Office in 1911, the latter, in 1909. In 1917 plaintiff adopted and thereafter used the same trade-mark on brake rigging, brake heads, brake beams, brake shoes, brake hangers, and clasp brakes. Application was made in 1917 to register the trade-mark for the last named uses, but the Commissioner of Patents refused the registration on the ground that the trade-mark consisted merely in the name of a corporation, viz., the Simplex Electric Heating Company, defendant herein. The commissioner's ruling was affirmed by the Court of Appeals of the District of Columbia. *In re American Steel Foundries,* 258 Fed. 160. The case came to this court on certiorari, but was dismissed for want of jurisdiction. *Sub nom., American Steel Foundries* v. *Whitehead, Commissioner of Patents,* 256 U. S. 40.

Thereupon, this suit in equity was brought in the federal district court for the northern district of Illinois under § 4915 R. S. (*American Foundries* v. *Robertson,* 262 U. S. 209), to which the Commissioner of Patents voluntarily appeared. That court dismissed the bill and an appeal to the court of appeals followed.

The defendant company was organized as a corporation in 1902. Its predecessors in business had adopted in 1886, and thereafter had used, the trade-mark "Simplex" on insulating or protected conducting wire, the same being registered in 1890. In 1906, the company registered trade-marks comprising the word "Simplex" as applied to a large variety of other goods.

The word "Simplex" has comprised the whole or a part of trade-marks registered in the Patent Office in approximately sixty registrations by nearly as many different parties and as applied to many classes of merchandise. There are other corporations in the country which now have or have had names which embody the word "Sim-

plex." Neither the defendant company nor its predeces-
sors ever have been engaged in the manufacture or sale
of any of the devices upon which plaintiff has used the
trade-mark as hereinbefore specified.

. Upon these facts the court' below has certified the fol-
lowing questions upon which it desires instruction:

" 1. Does the clause of Section 5 of the Trade Mark Act
of February 20, 1905, ' Provided, that no mark which con-
sists merely in the name of an individual, firm, corpora-
tion, or association not written, printed, impressed, or
woven in some particular or distinctive manner, or in asso-
ciation with a portrait of an individual  .  .  .  shall be
registered under the terms of this Act,' prohibit registra-
tion as a trade-mark under said Act of the word ' Simplex '
by the plaintiff under the recited facts?

" 2. Does the said clause quoted of Section 5 prohibit
registration under the Act of February 20, 1905, of a
trade-mark consisting solely of a single word otherwise
registrable under the said Act if that word is the salient
feature of the name of a corporation not the applicant for
registration?

" 3. Does the above quoted clause of Section 5 of the
Trade Mark Act of February 20, 1905, prohibit the regis-
tration under said Act, of a common-law trade-mark
which is the name, or part of the name of another than
the applicant, whose business relates exclusively to goods
in a different and non-competing class from the goods on
which the trade-mark is used by the applicant? "

For the purposes of discussion, these three questions
may be resolved shortly into one: Upon the facts, is the
word " Simplex " merely the name of the Simplex Electric
Heating Company within the meaning of the quoted
proviso? The answer to this question will be simplified
if we approach it by first considering certain principles of
the substantive law of trade-marks and unfair competi-
tion, in the light of which the legislation under review
must be examined.

The mere fact that one person has adopted and used a trade-mark on his goods does not prevent the adoption and use of the same trade-mark by others on articles of a different description. There is no property in a trade-mark apart from the business or trade in connection with which it is employed. *United Drug Co.* v. *Rectanus Co.,* 248 U. S. 90, 97; *Hanover Milling Co.* v. *Metcalf,* 240 U. S. 403, 413–414. "The law of trade-marks is but a part of the broader law of unfair competition" (*idem*), the general purpose of which is to prevent one person from passing off his goods or his business as the goods or business of another.

Whether the name of a corporation is to be regarded as a trade-mark, a trade name, or both, is not entirely clear under the decisions. To some extent the two terms overlap, but there is a difference more or less definitely recognized, which is, that, generally speaking, the former is applicable to the vendible commodity to which it is affixed, the latter to a business and its good will. See *Ball* v. *Broadway Bazaar,* 194 N. Y. 429, 434–435. A corporate name seems to fall more appropriately into the latter class. But the precise difference is not often material, since the law affords protection against its appropriation in either view upon the same fundamental principles. The effect of assuming a corporate name by a corporation under the law of its creation is to exclusively appropriate that name. It is an element of the corporation's existence. *Newby* v. *Oregon Cent. Ry. Co., et al.,* Deady 609, 616; s. c. 18 Fed. Cases 38, Case No. 10,144. And, as Judge Deady said in that case:

"Any act which produces confusion or uncertainty concerning this name is well calculated to injuriously affect the identity and business of a corporation. And as a matter of fact, in some degree at least, the natural and necessary consequence of the wrongful appropriation of a corporate name, is to injure the business and rights of the corporation by destroying or confusing its identity."

The general doctrine is that equity not only will enjoin the appropriation and use of a trade-mark or trade name where it is completely identical with the name of the corporation, but will enjoin such appropriation and use where the resemblance is so close as to be likely to produce confusion as to such identity, to the injury of the corporation to which the name belongs. *Cape May Yacht Club* v. *Cape May Yacht & Country Club,* 81 N. J. Eq. 454, 458; *Armington & Sims* v. *Palmer,* 21 R. I. 109, 115. Judicial interference will depend upon the facts proved and found in each case. *Hendriks* v. *Montagu,* L. R. 17 Ch. Div. 638, 648; *Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462, 469–471.

These principles, it must be assumed, were in mind when Congress came to enact the registration statute. And, since that body has been given no power to legislate upon the substantive law of trade-marks, it reasonably may be assumed, also, that, to the extent the contrary does not appear from the statute, the intention was to allow the registration of such marks as that law, and the general law of unfair competition of which it is a part, recognized as legitimate. The House Committee on Patents, in reporting the bill which upon enactment became the registration statute in question, said: "Section 5 of the proposed bill we believe will permit the registration of all marks which could, under the common law as expounded by the courts, be the subject of a trade-mark and become the exclusive property of the party using the same as his trade-mark." Report No. 3147, Dec. 19, 1904, H. of R., 58th Cong., 3d Sess.

The provision, therefore, that no mark consisting merely in the name of a corporation shall be registered, is to be construed in harmony with those established principles in respect of the appropriation of corporate names to which we have referred. Where the appropriation of the corporate name is complete, the rule of the statute, by its own

terms, is absolute and the proposed mark must be denied registration without more. But where less than the whole name has been appropriated, the right of registration will turn upon whether it appears that such partial appropriation is of such character and extent that, under the facts of the particular case, it is calculated to deceive or confuse the public to the injury of the corporation to which the name belongs.

The fact, for example, that the articles upon which the mark is used are not of the same description as those put out by the corporation, is entitled to weight, since the probability of such confusion and injury in that situation obviously is more remote than where the articles are of like kind. The cases, naturally, present varying degrees of difficulty for the application of the rule. Primarily, the power and the duty rests with the Commissioner of Patents to determine the question in each case in the exercise of an instructed judgment upon a consideration of all the pertinent facts.

In the present case, these facts are: The word "Simplex" is only a portion of the corporate name; its use by plaintiff is upon articles the like of which has never been manufactured or sold by the defendant corporation; it comprises the whole or a part of about sixty registrations by nearly as many different parties upon many kinds of merchandise; and it forms part of the names of other corporations in the country.* It is argued that the word in question is the salient feature in the name of the defendant corporation. But that, if conceded, does not

---

* The Commissioner of Patents, in a footnote to *Simplex Electric Heating Co.* v. *The Ramey Co.*, Decisions, Commr. Pat., 1916, 74, 78, gives the following list of corporations, in the names of which the word "Simplex" occurs:

Simplex Arms Mfg. Co., Denver; Simplex Window Co., San Francisco; Simplex Lubricating Co., Boston; Simplex Wire & Cable Co., Boston; Simplex Auto Specialty Co., Detroit; Simplex Concrete Piling Co., Cincinnati; Simplex Machine Co., Atlanta; Simplex Exer-

settle the question. There may be, of course, instances where a single word in the corporate name has become so identified with the particular corporation that whenever used it designates to the mind of the public that particular corporation. But here it is not shown that, standing alone, the word " Simplex " has that effect; that it is any more calculated to denote to the public the defendant corporation than any of the other corporations in the names of which it is likewise embodied; or, indeed, that it signifies the appropriation of some corporate name though incapable of exact identification. In *Simplex Electric Heating Co.* v. *The Ramey Co.*, Decisions, Commr. Pat., 1916, pp. 74, 77, 79, 82–83, the Commissioner of Patents, admitting the same word to registry under like facts, said:

" It is a fact that the word ' Simplex ' has been in such wide and varied use in this country not only as a trademark but as part of a firm or corporation name that everybody has heretofore considered something more than the word ' Simplex ' necessary to identify a corporation. . . .

" . . . the word ' Simplex ' does not identify any corporation in particular, for the simple reason that it is equally the name of various corporations. In short, if one referred to ' the company Simplex,' without anything else, it would not be known to what he was referring. . . .

" The word involved in this case is one of a large class of words which have for a great many years been much used because of their peculiarly suggestive meaning. For

cising Co., Philadelphia; Simplex Valve & Meter Co., Philadelphia; Simplex Floor Surfacing Co., Baltimore; Simplex Railway Appliance Co., St. Louis; Simplex Air Brake & Mfg. Co., Pittsburgh; Simplex Button Works, New York; Simplex Fire Extinguisher Co., New York; Simplex Golf Practice Machine Corporation, New York; Simplex Ink Co., New York; Simplex Letter Opener Co., New York; Simplex Typewriter Co., New York; Simplex Refrigerating Machine Co., Chicago; Simplex Sand Blast Manufacturing Co., Chicago.

other examples there are the words ' Acme,' ' Anchor,'
' Champion,' ' Eureka,' ' Excelsior,' ' Ideal,' ' Jewel,' ' Liberty,' ' National,' ' Pride,' ' Premier,' ' Queen,' ' Royal,'
' Star,' ' Sunlight,' ' Triumph,' ' Victor.'  It would be a
serious matter if the law actually permitted any one who
chose to do so to organize a series of corporations with
names containing these words, respectively, and thereupon virtually withdraw these words from public use as
trade-marks and monopolize them by preventing their
registry as such."

On appeal to the District court of appeals, the decision
of the commissioner was reversed upon the ground, in
part, that the word " Simplex " was a distinctive part of
the name of the corporation, *Simplex Electric Heating Co.*
v. *Ramey Co.*, 46 App. D. C. 400, 406; and this was followed by the same court in the present case. It already
is apparent that we agree with the commissioner and not
with the court.

Under the facts, we are of opinion that it does not
appear that the use of the word as a trade-mark upon
the goods of the plaintiff will probably confuse or deceive
the public to the injury of the defendant or of any other
corporation.  It follows that the refusal to allow the
registration was erroneous.

Question No. 1, therefore, should be answered in the
negative, and, since this will dispose of the case, categorical answers to the other questions are deemed not
necessary.

*It is so ordered.*