## THREE IN ONE OIL CO. v. LOBL MFG. CO.

Court of Appeals of District of Columbia.

Submitted November 18, 1927. Decided December 5, 1927.

Petition for Rehearing Denied January 21, 1928.

No. 1984.

1. Trade-marks and trade-names and unfair competition ⬅️43—Water bottles, ice bags, and syringes held not of same descriptive qualities as oil, as affects registration of trade-mark "3 in 1" (Trade-Mark Act 1905, § 5 [15 USCA § 85]).

Registration of trade-mark "3 in 1" for use on oil *held* not to preclude registration of same mark for use on hot water bottles, ice bags, and fountain syringes, since goods are not of same descriptive qualities, within Trade-Mark Act February 20, 1905, § 5 (15 USCA § 85).

2. Trade-marks and trade-names and unfair competition ⬅️43—"3 in 1" will not be denied registration as trade-mark, on ground of registering part of name of opposer "Three in One Oil Company."

Petitioner *held* entitled to register trade-mark "3 in 1" for use on hot water bottles, ice bags, and fountain syringes, as against contention of Three in One Oil Company that such trade-mark was part of its corporate name, since words "Three in One" merely qualify main feature of corporate name, "Oil Company."

3. Trade-marks and trade-names and unfair competition ⬅️43—Whether part of corporate name may be registered depends on whether resulting confusion will injure corporation to which name belongs.

Where less than whole name of corporation has been appropriated by another as trade-mark, right of registration will turn on whether it appears that such partial appropriation is of such character and extent that, under facts of particular case, it is calculated to deceive or confuse public, to injury of corporation to which name belongs.

Appeal from the Commissioner of Patents.

Application by the Lobl Manufacturing Company for the registration of a trade-mark, opposed by the Three in One Oil Company. From a decision dismissing the opposition and permitting the registration, opposer appeals. Affirmed.

J. L. Stewart, of New York City, for appellant.

L. B. Kemon, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee company applied for registration of a trade-mark "3 in 1," alleged to have been used by it on hot water bottles, ice bags, and fountain syringes. Appellant, the Three in One Oil Company, a corporation, opposes the registration of the mark on two grounds: First, that the opposer has, for about 30 years past, been engaged in the business of manufacturing and selling oil under the trademark "3 in 1"; and, second, on the ground that "Three in One" is the dominating feature of its corporate name. From the decision of the Commissioner, dismissing the opposition and permitting the registration of appellant's mark, the case comes here on appeal.

[1] Under section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85), it is provided "that no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark: * * * Provided, that no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, or merely in words or devises which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this act."

[2] We are of opinion that the goods upon which these marks are used are not of the same descriptive qualities, to the extent of prohibiting the registration of the mark. This brings us to the right of appellee company to register as its trade-mark a part of the corporate name of appellant corporation. In the case of American Steel Foundries v. Robertson, Commissioner, et al., 269 U. S. 372, 46 S. Ct. 160, 70 L. Ed. 317, the court had under consideration the right of the Foundries Corporation to appropriate as a trade-mark the word "simplex," which it was claimed was the dominating feature of the opposer's corporation, the Simplex Heating Company. It was found, as here, that the goods on which the Foundries Company used this mark were not of the same descriptive properties as the goods on which the Heating Company used the same mark. As to the right of the Foundries Company to appropriate "simplex," notwithstanding it was part of the name of the Heating Company, the court found that "the word 'simplex' is only a portion of the corporate name; its use by plaintiff is upon articles, the like of which

has never been manufactured or sold by the defendant corporation; it comprises the whole or a part of about sixty registrations, by nearly as many different parties upon many kinds of merchandise; and it forms part of the names of other corporations in the country."

In the present case, it appears that there are about 75 registrations in the Patent Office of the trade-mark "3 in 1," and that "Three in One" is part of the name of many corporations doing business in various lines throughout the country. In this respect the Foundries Case is controlling. It is insisted, however, that the words "Three in One" are the salient feature in the name of appellant corporation. The words "Three in One" merely qualify the main feature of the corporate name "Oil Company." "Three in One," standing alone, would signify nothing as identifying appellant corporation, since it is a qualifying feature in the names of many corporations. As said by the court in the Foundries Case, quoting from the opinion of the Commissioner of Patents: "It is a fact that the word 'simplex' has been in such wide and varied use in this country, not only as a trade-mark, but as part of a firm or corporation name, that everybody has heretofore considered something more than the word 'simplex' necessary to identify a corporation. * * * The word 'simplex' does not identify any corporation in particular, for the simple reason that it is equally the name of various corporations. In short, if one referred to 'the Company Simplex,' without anything else, it would not be known to what he was referring."

[3] On the authority of this case alone we can base our decision. Of course, where the entire corporate name is appropriated, the rule of the statute is absolute in terms, and such a mark would be denied registration; but, as said in the Foundries decision: "Where less than the whole name has been appropriated, the right of registration will turn upon whether it appears that such partial appropriation is of such character and extent that, under the facts of the particular case, it is calculated to deceive or confuse the public to the injury of the corporation to which the name belongs."

It is clear that there is no such confusion in the present case, and that the decision of the Commissioner, dismissing the oppositions and directing registration to appellee corporation, is right.

The decision of the Commissioner is affirmed.