### GREEN CAB CO. v. DeLUXE CAB CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8669. Decided June 11, 1928.

Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.

1206. **UNFAIR COMPETITION—118. Automobiles.**

Taxicab company, which sells its cabs to its operators, and which has adopted a distinctive color scheme for such cabs, as symbol of service, has equity in all machines so sold, and sufficient interest, in successful operation thereof, to enable it to maintain action to enjoin rival in same business from employing same symbol.

Appeal from Common Pleas.

Decree for plaintiff.

J. B. Oviatt, Cleveland, for Green Cab Co.
J. L. Lind, Cleveland, for DeLuxe Cab Co.

FULL TEXT.

MAUCK, J.

By its second amended petition, the plaintiff pleads that it began the operation of a taxicab service in the City of Cleveland in May, 1923, with a fleet of fifty taxicabs that has increased to two hundred; that it adopted a distinctive color scheme for its cabs, with a checker belt about five inches wide, made up of black and white squares encircling the body of each cab and that it has by advertisement and use, established that symbol as a trademark of its service. It seeks to enjoin the defendant, a rival in the same business, from employing the same symbol.

The testimony has taken a wide range, involving the relations of the plaintiff with the Checkerboard Manufacturing Co., of Michigan, and the employment by that company of the same symbol. The Checkerboard company is a manufacturer of automobile bodies used in the taxicab business, and claims the exclusive right to the use of the checkerboard trade-mark. That company is, however, not engaged in operating but in making taxicabs. It is, in no sense, a rival of the plaintiff in rendering a taxicab service in the City of Cleveland. Whether it has a manufacturer's trade-mark at all, and if so, whether the use of a like symbol by an operating company, is a trespass on its rights, must be determined in an action to which the Checkerboard Company is a party. The defendant in this case can acquire no rights from that Company. A trade-mark can not be farmed out in other service.

"The mere fact that one person has adopted and used a trade-mark on his goods does not prevent the adoption and use of the same trade-mark by others on articles of a different description. There is no property in a trade-mark apart from the business or trade in connection with which it is employed."

American Foundries v. Robertson, 269 U.S. 372, 380.

As we view the case, the testimony regarding the Checkerboard Company has no place in the record and only tends to confuse what is, otherwise, a simple issue. The design in dispute is well adapted as a trade-mark, distinguishing cars upon which it is placed, from all others engaged in similar service. Both the plaintiff and defendant seek to so employ it. The plaintiff began to use the device long before the defendant did so. The use of that symbol of necessity has made an impress on the eye of taxicab users. So far as the service rendered those users was satisfactory to them, the design represented satisfactory service and was a thing of value to those whose service had caused its patrons to desire a repitition of that service. Bearing in mind that as between the parties hereto, the Checkerboard belt means taxi service and not a make of cars, the equities are clearly with the plaintiff.

It is argued, however, that the plaintiff corporation is not licensed to do a taxi business and on account of the peculiar method of carrying on its business, has no standing in this case and no right to be heard in equity in the premises at all. Without setting out the facts in detail, it is sufficient to say that the pleaded and proven facts are that the machines operated under its management are in fact owned by the several operators of such machines, but the plaintiff has an equity in all such machines and a keen interest in the successful operation thereof. The interest of the plaintiff is clearly such a property interest as entitles it to protection and there is nothing essentially wrong in its method of organization and operation.

The plaintiff is awarded the decree prayed for.

(Middleton, PJ., concurs.)