**MAJESTIC MFG. CO. v. MAJESTIC ELECTRIC APPLIANCE CO. Inc.**

No. 23446.

United States District Court
N. D. Ohio, E. D.
Feb. 24, 1948.

Lloyd L. Evans, of Cleveland, Ohio, and Kingsland, Rogers & Ezell, of St. Louis, Mo., for plaintiff.

Woodling & Krost, of Cleveland, Ohio, for defendant.

FREED, District Judge.

The plaintiff, Majestic Manufacturing Company, accuses the defendant, Majestic Electric Appliance Co., Inc., of trade-mark infringement and unfair competition. There is no dispute as to the salient facts involved in the controversy.

The plaintiff for more than fifty years has manufactured coal and gas stoves and ranges, and a limited number of related items. In the line of household electric appliances it had, before the war, made electric plates that fit into and were to be used in conjunction with some of its coal and wood ranges. It has continuously applied its trade-mark "Majestic" to all of its manufactured wares since before 1900, and the word "Majestic" has been included in its corporate name during its long business life. It has placed a high value on the good will in its trade mark.

"Majestic" has become a household word in the United States when used in connection with coal and gas stoves and ranges.

The defendant has embodied the word "Majestic" in its corporate name since its incorporation in 1944. It has manufactured and sold electric irons and electric toasters of the breakfast table type. The defendant corporation is wholly owned by the Dominion Electric and Mfg. Co., Inc. A metal tag is affixed to its irons bearing the mark "Dominion," and on the bottom of the toasters the name "Dominion Electric and Mfg. Co." is stamped. When the appliances are shipped to the trade they are packed in master cartons, containing six small cardboard packages, each holding individual irons and toasters. The master carton bears the legend, "From Majestic Electric Appliance Co., Inc., Galion, Ohio."

The charges of trade-mark infringement and unfair competition are predicated on the use of the name "Majestic" in this fashion.

The plaintiff is insistent in its contention that, although it does not manufacture the specific wares made and sold by the defendant, the electric irons and toasters of the defendant may be regarded by the people who buy them to emanate from the plaintiff.

The crux of this litigation is, whether or not, the plaintiff may preempt the entire field of household appliances manufactured under the name of "Majestic." It does not present a new or novel problem.

Whatever dissimilarities may exist, or whatever differences the courts have attempted to show in the principles of law applicable to trade-mark infringements, as distinguished from unfair competition, there is no need or occasion to elucidate on them to arrive at a decision in this case.

■ It is sufficient to say that the decided cases have uniformly drawn a sharp and well-defined distinction in the degree of protection awarded to the adopters and users of trade-marks or trade-names. It is firmly established on one hand, that the owner of a trade-mark which is "original," "arbitrary," "fanciful," or a "strong mark," may exclude, or prevent anyone from the use of that trade-mark not only for the commodity he manufactures and sells, but for a wide variety of products. The courts have pointed out such outstanding examples of this type of trade-mark as "Kodak" and "Aunt Jemima," Aunt Jemima Mills Co. v. Rigney & Co., 2 Cir., 247 F. 407, L.R.A.1918C, 1039, certiorari denied, 245 U.S. 672, 38 S.Ct. 222, 62 L.Ed. 540; Eastman Photographic Materials Co. v. John Griffiths Cycle Corp. and Kodak Cycle Co., 15 R.P.C. 105; France Milling Co. Inc. v. Washburn-Crosby Co. Inc., 2 Cir., 7 F.2d 304, certiorari denied 268 U.S. 706, 45 S.Ct. 640, 69 L.Ed. 1168. The reason for the protection so afforded is quite apparent. Distinctive and unusual names attract the consumer's attention to the source of the product which he is purchasing.

■ On the other hand, it is equally well recognized that trade-marks or trade-names merely suggestive or descriptive in character, or those emphasizing the superior quality of the goods sought to be distinguished by them, and sometimes referred to as "weak marks," afford protection against their use in the narrow and restricted field only to which they have been applied. Trade-marks such as "Acme," "Anchor," "Champion," "Eureka," "Excelsior," "Ideal," "Jewel," "Liberty," "National," "Pride," "Premier," "Queen," "Royal," "Star," "Sunlight," "Triumph," "Victor," and the like are illustrative of this type of marks as was pointed out in American Steel Foundries v. Robertson et al., 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317.

■ The granting of greater protection would create a monopolistic power not contemplated in the law relating to trade mark rights. Fundamentally the basic function of the law pertaining to trade-mark infringement and unfair competition is to safeguard the good will of one manufacturer or distributor against the sale of another's merchandise as his.

Justice Sutherland in American Steel Foundries v. Robertson et al., supra, 269 U.S. at page 384, 46 S.Ct. at page 163, demonstrated the soundness of the rule in this language, "It would be a serious matter if the law actually permitted any one who

chose to do so to organize a series of corporations with names containing these words, respectively, and thereupon virtually withdraw these words from public use as trade-marks * * *."

■ The mark "Majestic" cannot be described as "Catchy," "original," "fanciful," "unusual," "arbitrary," or "strong." Majestic is commonly and frequently used in every day conversation as a word to label something as outstanding, or unusual in merit. Webster's New International Dictionary defines it as possessing or exhibiting majesty; or august dignity; stateliness or imposing grandeur; lofty; noble; grand.

Majestic has been registered in the Patent Office one hundred twenty-five times. The registrations cover numerous products of a very wide variety, among them electric fans, electric room heaters, radios, phonographs, spark plugs, electric motors, electric vacuum cleaners, electric refrigerators, electric razors, electric clocks and electric ironing machines.

The allocation of the entire field of household appliances to plaintiff under the trade-mark "Majestic" would be tantamount to a gift of exclusive ownership of the use of an English word.

The complaint accordingly will be dismissed.