48

## GOODYEAR RUBBER CO. v. FOTRE et al.
### No. 11739.

United States District Court
S. D. California, C. D.

Jan. 19, 1951.

Lyon & Lyon, and Lewis E. Lyon, all of Los Angeles, Cal., Dike & Sanborn and George P. Dike, all of Boston, Mass., for plaintiff.

Aaron L. Lincoff, Benjamin J. Goodman, Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The above-entitled cause, heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the plaintiff enjoining the defendants from selling goods bearing the words "Gold Seal" or the representation of a seal or the word Goodyear in connection therewith or any other words or devices likely to cause purchasers or prospective purchasers to confuse defendants' goods with those of the plaintiff. No damages. Costs to the plaintiff.

### Comment.

The action is for infringement of trademark owned by the plaintiff. The trademark is "Gold Seal", and consists of a representation of a serrated seal with the words "Gold Seal" in the center, the words Goodyear at the top, and the words Rubber Company at the bottom of the name, between concentric circles. The plaintiff has used the seal continuously on rubber boots, shoes, overshoes, rubbers or rubber footwear in interstate and foreign commerce for many years, dating back to prior to 1895.

The defendant has imitated the mark by using a similar mark consisting of an unserrated seal with the words "Gold Seal" in almost identically shaped letters and the words "Guaranteed Genuine" above, and the words "Goodyear Welts" below these words between concentric circles within the seal. At times, it has attached cross ribbons to the seals. At others, the seal was used without them. While the mark of the plaintiff is used on shoes and boots made of rubber, and the

imitated mark of the defendant is used on leather work shoes, it cannot be denied that the mark is a clear infringement.

■ It may well be that the use of the words "Gold Seal" does not prevent the use of the word "Gold" in other combinations. For, generally, ordinary words used for ordinary characterizations in a trade-mark cannot result in a complete preemption of the field. See, 3 Restatement of Torts, § 731, Comment (3), p. 602; American Steel Foundries, v. Robertson, Commissioner, 1926, 269 U.S. 372, 383–384, 46 S.Ct. 160, 70 L.Ed. 317; France Milling Company v. Washburn-Crosby Co. 2 Cir., 1925, 7 F.2d 304; Treager v. Gordon-Allen, 9 Cir., 1934, 71 F.2d 766; Arrow Distilleries v. Globe Brewing Co., 4 Cir., 1941, 117 F.2d 347. However, an examination of the mark in its various forms shows clearly the aim to imitate the plaintiff's mark and capitalize its distinctive features in the use of the words "Gold Seal", as well as the use of the word "Goodyear".

It may well be that the appellation "Goodyear Welts" in conjunction with welts has passed into the common parlance of the shoe trade and that many shoe manufacturers advertise certain types of shoes as "genuine Goodyear welts". The defendants have introduced the boxes of one such manufacturer. But the fact still remains that the manner in which the word "Goodyear" is tied to the phrase of the seal is clearly imitative of the mark of the plaintiff.

Reference was made at the trial to instances where even the use of a geographic name has been held to be infringement, if it is used on labels, which, in writing and in their set-up, seek to imitate the mark of another. See, Modesto Creamery Company v. Stanislaus Creamery Company, 1914, 168 Cal. 289, 142 P. 845. And even use of ordinary descriptive words, may call for protection against the unwarranted use by others. Standard Oil Company of New Mexico v. Standard Oil Company of California, 10 Cir., 1932, 56 F.2d 973; Hanson v. Triangle Publications, Inc., 8 Cir., 1947, 163 F.2d 74.

On some of its boots, the plaintiff attaches its mark with the seal in an unserrated form. In that form, it appears in Plaintiff's Exhibit 11. In both forms, the defendants' imitation is almost indistinguishable from the plaintiff's mark. The serration is of very little significance. It is the imitation of the position of the words, the lettering, the emphasis on the word "Goodyear" and the like which spell infringement.

Since the institution of this action, the defendants have changed the mark to "Gold Award". But the lettering, the serration and other imitative features are present in the new mark as in the old. So, it, too, is infringing.

■ However, I am of the view that, while the plaintiff is entitled to injunctive relief in the broad terms prayed for, it is not entitled to damages. For there is no proof in the record of any damages. In a deposition, one of the plaintiff's executives was permitted to state that the action of the defendants would damage the plaintiff in the sum of $5000. But this testimony was very general and was merely put in for jurisdictional purposes. The significant fact which calls for denial of damages is that the evidence shows clearly that the plaintiff does not distribute the goods to which the mark is attached. The right of exclusive distribution has been transferred to the Goldseal Rubber Company. Under the circumstances, if there are any damages resulting from confusion of sources, they would be suffered, not by the plaintiff, but *by the distributor*.

So the case is clearly one where, while the plaintiff is entitled to injunctive relief, any damages traceable to the mark are not recoverable by it. See, Straus v. Notaseme Hosiery Company, 1916, 240 U.S. 179, 183, 36 S.Ct. 288, 60 L.Ed. 590; Mishawaka Rubber & Woolen Mfg. Company v. S. S. Kresge Company, 1942, 316 U.S. 203, 206, 62 S.Ct. 1022, 86 L.Ed. 1381; Lawrence-Williams Co. v. Societe Enfants Gambault Et Cie., 6 Cir., 1931, 52 F.2d 774, 775, 777–778; E. F. Prichard Co. v. Consumers Brewing Co., 6 Cir., 1943, 136 F.2d 512,

50

519; George W. Luft Co. v. Zande Cosmetic Co., 2 Cir., 1944, 142 F.2d 536, 541; Obear-Nester Glass Co. v. United Drug Co., 8 Cir., 1945, 149 F.2d 671, 674.

In sum, the only right of the plaintiff which is infringed is the right to the mark and its use. As it attaches to goods, the distribution of which it has transferred to others, any damages from the competitive sales of the defendants would accrue to the distributing agency and not to the plaintiff.

Hence the ruling above made.