CHICONE, D. B. A. EL TORO TAVERN, APPELLANT, *v.* LIQUOR
CONTROL COMM. OF OHIO, APPELLEE.

[Cite as Chicone v. Liquor Control Comm., 20
Ohio App. 2d 43.]

(No. 1800—Decided July 2, 1969.)

*Mr. Harold S. Rickert, Jr.,* for appellant.
*Mr. John A. Connor,* for appellee.

COOK, J. This cause is before this court on appeal
from a judgment of the Common Pleas Court of Trumbull
County affirming the order of the Liquor Control Comis-
sion of the state of Ohio.

The defendant-appellant, hereinafter called the ap-

pellant, was cited by the agents of the Department of Liquor Control of the state of Ohio for "allowing a minor to consume" alcoholic beverages on the permit holder's premises.

The appellant raises four assignments of error of which this court is of the opinion only assignment of error (a) needs to be considered to dispose of this appeal.

Most of the facts are not in dispute. On February 19, 1967, a minor did consume an alcoholic beverage on the premises of the appellant, which was prepared and brought to the minor's table by employees of the appellant. However, knowledge by the permit holder of the fact that a minor was consuming an alcoholic beverage on the premises was claimed to have been imputed to the appellant by the presence at the minor's table of one Phyliss Thompson an alleged employee of the permit holder. However, Miss Thompson did not serve the beverage nor was there any testimony that she knew the glass contained an intoxicating beverage.

Section 4301.25 of the Revised Code provides:

"The Board of Liquor Control may suspend or revoke any permit issue pursuant to Chapters 4301 and 4303 of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule or regulation of the board *or other sufficient cause,* and for the following causes: * * *" (Italics ours.)

There is no restriction contained in Chapters 4301. and 4303 of the Revised Code or lawful rule or regulation of the Board of Liquor Control holding a permit holder responsible for the consumption of an alcoholic beverage on the permit holder's premises by a minor.

The Board of Liquor Control here cited the permit holder for violating the "other sufficient cause" language of Section 4301.25.

A legislative enactment may be inoperative and void for failure to comply with the common law requiring that legislation to be valid must be sufficiently definite and certain to permit persons to know their rights and obligations and for the courts to enforce them. (*State, ex rel.*

*McGannon*, v. *Sayre*, 12 O. N. P. (N. S.) 13, 22 O. D. (N. P.) 234.)

It has been frequently held that legislative enactments may be declared by the courts to be inoperative and void for uncertainty of meaning. (*State, ex rel. Dana*, v. *Gerber*, 79 Ohio App. 1; *Roark* v. *Lyle*, 68 Ohio Law Abs. 180; *State, ex rel. Long*, v. *Brinkman*, 7 C. C. 165, 3 C. D. 710.)

This power may be exercised if the statute is so incomplete (*Beaverstock* v. *Bd. of Education*, 75 Ohio St. 144) or so vague and indefinite that the court is unable to determine, with any reasonable degree of certainty, what the Legislature intended. (*Beaverstock* v. *Bd. of Ed., supra*, and *State, ex rel. Dana*, v. *Gerber, supra*.)

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. (*Connally* v. *General Construction Co.*, 269 U. S. 384.)

Under the provision of Section 4301.25 of the Revised Code which says a permit holder may have his permit suspended or revoked for "other sufficient cause," how does a permit holder know what the "other sufficient cause" is? How can he guard against violating this provision of Section 4301.25?

A permit holder can certainly be charged with knowledge of the regulations of the Liquor Control Commission or Chapters 4301 and 4303 of the Revised Code of Ohio, either of which may also be grounds for suspension or revocation of his permit under Section 4301.25 of the Revised Code.

But how can he be charged with knowledge of what the Legislature meant by "other sufficient cause"?

How can a court determine the meaning of the words "other sufficient cause" intended by the Legislature so as to know whether the law has been violated by the permit holder?

In the opinion of this court, that part of Section 4301.-25 of the Revised Code of Ohio which states that a permit

may be suspended or revoked for "other sufficient cause" is uncertain of meaning, vague and indefinite and violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

We find the order of the Liquor Control Commission is based upon that part of Section 4301.25 of the Revised Code which we feel is uncertain of meaning, vague and indefinite and unconstitutional and therefore is unlawful.

We therefore reverse the judgment of the Common Pleas Court and enter final judgment for the appellant.

*Judgment reversed and final judgment for defendant.*

HOFSTETTER, P. J., and JONES, J., concur.