CV
Paper No. 29

FOR PUBLICATION IN FULL

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

Innovation Data Processing, Inc.
v.
Innovative Software Incorporated

Opposition No. 69,941, to application Serial No. 429,977
filed June 13, 1983

Klein & Vibber for Innovation Data Processing, Inc.

Schmidt, Johnson, Hovey & Williams for Innovative Software
Incorporated

Before Sams, Krugman and Hanak, Members.

Opinion by Hanak, Member:

Innovative Software Incorporated seeks registration

of INNOVATIVE SOFTWARE in block letters for "computer programs

recorded on magnetic media and reference manuals for use

therewith, sold as a unit."[1]

Innovation Data Processing, Inc. has opposed the

application based upon its contentions (1) that "since the year

---

[1] Application Serial No. 429,977 filed June 13, 1983 claiming
first use on April 9, 1980. No claim is made to the exclusive
right to use "software," apart from the mark as shown.

1972, opposer has continuously used the trademark INNOVATION Data Processing ("Data Processing" being disclaimed apart from the mark, hereinafter referred to as opposer's mark INNOVATION) for computer software" and related services (Notice of Opposition ¶2), and (2) that "the trademark INNOVATIVE SOFTWARE sought to be registered by applicant is confusingly similar to opposer's prior use of the advertised trademark 'INNOVATION' as to be likely to create confusion, mistake and deception of the trade and purchasing public into believing that applicant's computer programs originate with or are otherwise sponsored by, licensed by, or associated with opposer" (Notice of Opposition ¶4).

The record consists of the pleadings; the file history of Application Serial No. 429,977; copies of certain advertisements purportedly placed by opposer in three periodicals in circulation among the relevant public and made of record by opposer by way of a properly filed notice of reliance pursuant to Trademark Rule of Practice 2.122(e); and the answers of applicant to opposer's Interrogatories 1-8 (first set) made of record by opposer pursuant to Trademark Rule of Practice 2.120(j)(5).

The following are not part of the record. First, applicant's Registration No. 1,195,572 for "INNOVATIVE SOFTWARE and design" does not become part of the record simply because applicant referenced this registration in its Application

2

Serial No. 429,977. See Edison Brothers Stores v. Brutting E.B. Sport-International, 230 USPQ 530, 531 n.7 (TTAB 1986). Applicant has not otherwise properly introduced this registration into evidence. Second, the exhibit (purportedly showing opposer's use of INNOVATION DATA PROCESSING) attached to the Notice of Opposition is not in evidence. See Trademark Rule of Practice 2.122(c). Third, exhibits attached to the briefs are not part of the record. Indeed, the parties were warned of this in an Order of this Board dated June 19, 1987 (p. 2 of said Order). Fourth, documents produced by applicant pursuant to opposer's FRCP 34 request are not properly in the record unless authenticated, which they were not. Hence, Exhibits 43-56 mentioned in opposer's Notice of Reliance do not form part of the record.

Based on the present record, applicant's earliest, proven date of first use of INNOVATIVE SOFTWARE is June 13, 1983, the filing date of its pending application. Columbian Steel Tank Co. v. Union Tank & Supply Co., 277 F.2d 192, 125 USPQ 406, 407 (CCPA 1960). Applicant has not made of record any evidence supporting its claimed first use date of April 9, 1980.

Opposer has submitted copies of its advertisements appearing in three trade journals[2] demonstrating that it has

---

[2] Datamation; Computer Decisions; and Computerworld.

made at least trade name use (see footnote 3 _infra_) of INNOVATION DATA PROCESSING as early as 1973, and that such use has been ongoing since at least January 1983. Applicant has attacked the adequacy of opposer's use of INNOVATION DATA PROCESSING on two grounds.

First, applicant alleges that opposer abandoned the trade name (or trademark) INNOVATION DATA PROCESSING as evidenced by opposer's non-use "during the periods December 1976 to June 1979 and September 1979 to January 10, 1983 . . . This latter period of nearly three and a half years is [according to applicant] the most significant gap because June 11, 1980 is the date of first use to which Applicant is entitled, as evidenced by the filing date of the application which matured into Certificate of Registration No. 1,195,572." (Applicant's brief p. 17). Whether opposer abandoned INNOVATION DATA PROCESSING prior to January 1983 is an issue which this Board need not decide. Applicant's earliest established date of first use in this proceeding of INNOVATIVE SOFTWARE is June 13, 1983. From at least January 1983 (if not earlier), opposer has demonstrated ongoing use of INNOVATION DATA PROCESSING. In short, based on the record before this Board, opposer is the prior user.

Applicant has also attacked the adequacy of opposer's use of INNOVATION DATA PROCESSING on a second ground by stating

4

that opposer's evidence of use "consist[s] of various advertisements in three trade journals. Such evidence is simply not sufficient to establish superior rights in the mark for Opposer. . ." (Applicant's brief p.16). Applicant relies on Transamerica Financial Corp. v. Trans-Am. Collections, Inc., 197 USPQ 43 (TTAB 1977) and Old Swiss House, Inc. v. Anheuser-Busch, Inc., 569 F.2d 1130, 196 USPQ 808 (CCPA 1978) for support. Such reliance is misplaced. In Transamerica, this Board rejected opposer's reliance on purported advertisements depicting use of its trade names because "there was nothing of record to indicate in what publications they appeared." (197 USPQ at 50). In Old Swiss House, the Court had this to say about the newspaper and trade journal use of the mark in dispute: "The [12] articles mentioned above were, in effect, press releases; in all but one, the mark, THE OLD SWISS HOUSE, was buried in the body of the articles. This, in our view, is not the type of public exposure of a mark that would be expected to have any significant impact on the purchasing public." (196 USPQ at 810). By contrast, opposer here has introduced into evidence over 30 advertisements appearing since January 1983 in which INNOVATION DATA PROCESSING is featured in a reasonably prominent fashion. (Opposer also introduced 8 advertisements appearing between 1973 and 1979 featuring INNOVATION DATA PROCESSING.)

5

Opposition No. 69,941

This Board finds that the aforementioned advertisements demonstrate that since at least January 1983 opposer has made continuous trade name (if not trademark) use in the United States of INNOVATION DATA PROCESSING. Section 2(d) of the Lanham Trademark Act prohibits the registration of "a mark which so resembles a . . . trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion . . ." See also 1 McCarthy, Trademarks and Unfair Competition, §20:4 (B) at pp. 1025-1026 (2d ed. 1984). Hence, the only remaining issue is whether applicant's mark INNOVATIVE SOFTWARE as applied to "computer programs . . . and reference manuals for use therewith . . ." so resembles opposer's trade name INNOVATION DATA PROCESSING used in the computer software field as to be likely to cause confusion, mistake or deception. [3]

---

[3] Applicant argues at pp. 11-12 of its brief that "Opposer never asserted use of INNOVATION DATA PROCESSING as a trade name [emphasis added] in its Notice of Opposition, and should not be permitted to rely on any purported trade name use . . ." While opposer did not use the term "trade name" in its Notice of Opposition, it did allege that applicant's INNOVATIVE SOFTWARE trademark is likely to cause "the trade and purchasing public into believing that applicant's computer programs originate with or are otherwise sponsored by, licensed by, or associated with opposer." (Notice of Opposition ¶4). This Board finds that the Notice of Opposition was sufficient to inform the applicant of the grounds of the opposition despite the fact that the term "trade name" did not appear. Moreover, opposer's use of INNOVATION DATA PROCESSING in "newspaper advertisements constitutes use at least analogous to trademark use . . . and creates rights therein sufficient to preclude the registration by a subsequent user of the same or a similar mark for like or closely related goods." Sears, Roebuck & Co. v. Mannington Mills, Inc., 138 USPQ 261, 262 (TTAB 1963). Opposer herein has clearly alleged prior trademark rights.

6

"It is necessary to note at the outset that, where as here, the goods of the parties are similar in kind and/or closely related . . . the degree of similarity of the marks under which these products are sold need not be as great as in the case of diverse or different goods." ECI Division of E-Systems v. Environmental Communications, 207 USPQ 443, 449 (TTAB 1980). "It is not necessary to constitute an infringement that every word of a trademark would be appropriated." Saxlehner v. Eisner & Mendelson Co., 179 U.S. 19, 33 (1900). [4]

This Board concurs with applicant's statement that its mark and opposer's trade name "must be compared with each other in their entireties." (Applicant's brief p.20). However, in so doing, this Board will accord less weight to the generic elements of applicant's mark (i.e. SOFTWARE) and opposer's trade name (i.e. DATA PROCESSING). 2 McCarthy, Trademarks and Unfair Competition, §23:15(G) p. 89 (2d ed. 1984). Even the generic elements convey similar, although not identical, connotations.

Turning to the non-generic elements, this Board finds that INNOVATIVE and INNOVATION are confusingly similar in sight

---

[4] The same reasoning applies in cases involving trademarks and trade names. See American Foundries v. Robertson, 269 U.S. 372, 380 (1926).

(appearance), sound (pronunciation) and meaning. In short, the use of a mark very similar to a previously used trade name, both for the same or closely related goods, is likely to result in confusion and mistake.

Decision:  The opposition is sustained, and registration to applicant is refused.

J. D. Sams

G. D. Krugman

E. W. Hanak
Members, Trademark
Trial and Appeal Board

OCT 2 3 1987

8