29 C.C.P.A. (Patents)
KROLL BROS. CO. v. ROLLS-ROYCE, Limited, et al.
No. 4561.
Patent Appeals.

Court of Customs and Patent Appeals.
March 23, 1942.

Clarence E. Threedy, of Chicago, Ill., for appellant.

Andrew Foulds, Jr., of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents affirming that of the Examiner of Interferences in a trade-mark opposition proceeding.

On June 2, 1939, Kroll Brothers Company (hereinafter generally referred to as appellant), a corporation organized under the laws of the State of Illinois, filed application in the Patent Office for registration of the notation "Kroll's-Royce" for use on baby carriages and go-carts. A drawing of the claimed mark appears in the record and is described in the brief on behalf of appellant before us as "a combination mark consisting of the possessive word 'Kroll's' hyphenated from the word 'Royce', both words appearing in what might be termed printer's block type,

set in relief to give third dimension effect." The goods were stated in the application to be "in [Patent Office] Class 19, Vehicles, not including engines." A specimen of the mark "as actually used by applicant upon the goods" appears in the record. On this specimen below the mark are the words "Convertible Autocart," and a statement that it was patented March 22, 1938.

Rolls-Royce, Limited, is stated to be "a corporation organized under and by virtue of the laws of the Kingdom of Great Britain and Ireland," and Rolls-Royce, Inc., "a corporation organized and existing under and by virtue of the laws of the State of New York." They are affiliates in business, the latter being the company through which the former functions in the United States, and both joined in opposing the registration sought by appellant. They are hereinafter referred to as opposers. The particular business in which they are engaged is shown to be the manufacture and sale of automobile engines, parts, airplane engines and automobiles, which have long been sold under the trade-name or mark "Rolls-Royce," which consists of the surnames of the parties (Rolls and Royce) who originally established the business in England.

In the notice of opposition opposers pleaded the ownership by Rolls-Royce, Limited, of a United States trade-mark registration, No. 197,089, originally granted to one of its subsidiaries April 7, 1925, for automobiles and chassis and later transferred to Rolls-Royce, Limited. This mark, a copy of which appears of record, comprises a panel arrangement in the center of which are the letters "RR," one partly superimposed upon the other in fanciful arrangement, above which is the word "Rolls" and below which is the word "Royce." The notice also alleged the notation "Kroll's Royce" to be "a similation and imitation of the corporate title and name of opposers."

So, in effect, opposers invoked two (or parts of two) of the provisos embraced in subparagraph (b) of section 5, 15 U.S.C.A. § 85, of the Trade-Mark Act of February 20, 1905, viz., (1) "That trade-marks * * * which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to de-

ceive purchaser shall not be registered," (2) "That no mark which consists merely in the name of * * * [a] corporation * * * not written, printed, impressed, or woven in some particular or distinctive manner, * * * shall be registered under the terms of this Act [subdivision of this chapter]."

The Examiner of Interferences and the commissioner agreed in holding that the goods of the respective parties are not of the same descriptive properties, in the sense of the registration statute, but held, in effect, that appellant's application should be refused because of the "name" clause. In other words, it was the view of the tribunals of the Patent Office that the use of "Kroll's-Royce" by appellant would be likely to create confusion as to origin of appellant's goods.

We agree with this view.

It is difficult to understand why, having a wide field from which to choose a mark for its baby carriages and go-carts, appellant should have selected one which embraces the most significant features of the corporate names of both opposers. Kroll is the first word of appellant's corporate name. Whether that is the surname of some brothers who are interested in the corporation styled Kroll Brothers Company, we are not advised. No testimony was taken by appellant, and there is no explanation of record as to why it chose to adopt either "Kroll's" or "Royce." By adding the apostrophe and the "s" to "Kroll," appellant so imitated the first part of opposers' corporate names that in sound, at least, the term "Kroll's" closely simulates the first part of such names, and "Royce" is identical with the last word of both opposers' corporate names. It may be added that by placing the hyphen between "Kroll's" and "Royce," the simulation of the corporate names of opposers is made still more prominent.

In the case of American Steel Foundries v. Robertson, Commissioner, et al., 269 U.S. 372, 46 S.Ct. 160, 162, 70 L.Ed. 317, the Supreme Court of the United States construed the "name" provision of section 5 of the Trade-Mark Act of February 20, 1905, as applied to corporate names, and that decision is generally regarded as the leading case upon the subject.

The Supreme Court, after restating the principles announced in former holdings, that the law of trade-marks is but a part of the broader law of unfair competition, the general purpose of which is to prevent one person from passing off his goods or his business as the goods or business of another, and pointing out that a person is prevented from registering or using a trade-mark adopted and used by another for goods or articles of the same descriptive character, held, in effect, that on the same fundamental principles, the name of a corporation, whether regarded as a trade-mark, a trade-name or both, is, by law, protected from appropriation by another person or corporation. In the course of its decision the court said:

"The provision, therefore, that no mark consisting merely in the name of a corporation shall be registered, is to be construed in harmony with those established principles in respect of the appropriation of corporate names to which we have referred. Where the appropriation of the corporate name is complete, the rule of the statute, by its own terms, is absolute, and the proposed mark must be denied registration, without more; but, where less than the whole name has been appropriated, the right of registration will turn upon whether it appears that such partial appropriation is of such character and extent that, under the facts of the particular case, it is calculated to deceive or confuse the public to the injury of the corporation to which the name belongs.

"The fact, for example, that the articles upon which the mark is used are not of the same description as those put out by the corporation, is entitled to weight, since the probability of such confusion and injury in that situation obviously is more remote than where the articles are of like kind. The cases, naturally, present varying degrees of difficulty for the application of the rule. Primarily the power and the duty rests with the Commissioner of Patents to determine the question in each case, in the exercise of an instructed judgment upon a consideration of all the pertinent facts."

The commissioner quoted much of the foregoing in his decision in the instant case and it is our view that he correctly applied it to the present situation.

The "name" clause of section 5 of the Trade-Mark Act of February 20, 1905, in a sense, has a double meaning, or, at least, has two distinct applications. First, there are situations in which a per-

son or corporation may not register his or its own name as a technical trademark for his or its own use. The J. B. Williams Co. v. Ernest W. Williams, 48 F.2d 398, 18 C.C.P.A., Patents, 1133. Second, a person or corporation is not entitled to appropriate and register the name of another person, or corporation (or an imitation or simulation thereof), for use as a technical trade-mark when it would likely result in confusion as to the origin of the goods to which it is proposed to apply such mark.

■ We think it clear that appellant is seeking here to register a notation which so closely simulates the corporate names of opposers (names which, so far as the record discloses, have never been used by others than opposers) that confusion as to origin of appellant's goods would be probable.

The decision of the Commissioner of Patents is affirmed.

Affirmed.