31 C.C.P.A.(Patents)

### WALGREEN v. GREENWALD HOSIERY CO., Inc.

#### Patent Appeal No. 4772.

Court of Customs and Patent Appeals.

Dec. 8, 1943.

714

Harry C. Alberts, of Chicago, Ill. (J. Austin Stone, of Washington, D. C., of counsel), for appellant.

No appearance for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents (speaking through an assistant commissioner) overruling the opposition of appellant (hereinafter referred to as opposer) to the application of appellee (hereinafter referred to as applicant) for the registration, under the Trade-Mark Registration Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of the notation "Waldgreen" as a trademark for hosiery, sweaters, sweatshirts, underwear for men, women and children, and polo shirts. In so holding the commissioner reversed the decision of the Examiner of Interferences, who sustained the opposition.

It appears that applicant is a corporation organized under the laws of the State of Pennsylvania. The application for registration was filed in the Patent Office in February 1940, use of the mark being alleged since June 5, 1939.

A joint notice of opposition was originally filed May 4, 1940, by Walgreen Company, a corporation organized under the laws of the State of Illinois, and by Charles R. Walgreen, Jr., president of the Walgreen Company, as an individual.

The filing of the opposition jointly in the form presented seems to have been a somewhat unusual procedure, and applicant as a part of its answer alleged that the notice "should be dismissed for misjoinder of opposers," and filed with its answer a formal motion to dismiss it on that ground, alleging that the individual "Charles R. Walgreen, Jr., is a separate and distinct entity from the other opposer, Walgreen Co., alleged to be a corporation."

The Examiner of Interferences ruled, in effect, that he could not see his way clear to terminate the proceeding by way of an interlocutory ruling and denied the motion to dismiss, but after the taking of testimony by the joint opposers (none was taken by the applicant) the motion to dismiss was renewed and he ruled (seemingly on the basis that there were two separable rights of action—one by the corporation and one by the individual—and that two fees should have been paid) that he had no discretion to permit the joinder of the two parties in the action and gave the opposers the opportunity to make an election as to which of them would continue further to prosecute it.

The applicant objected to this ruling, moved to vacate the order, and again moved to dismiss the action. Its motion was noted by the Examiner of Interferences who postponed consideration of it pending the expiration of the time for election given opposers, stating that upon a failure to elect the notice of opposition would be dismissed without further consideration.

Thereupon the individual opposer Charles R. Walgreen, Jr., elected to continue as a single opposer, stating in the notice of election: "The allegations in the notice of opposition pertaining to the corporate opposer should now be construed as asserted by the individual opposer as the president of the Walgreen Co. and constitutes an issue collateral to the primary opposition grounds contained in paragraph 3 of the notice of opposition so that the prohibition of the statutes as to individual surnames and also as to corporate names is still asserted by the individual opposer in behalf of himself as an individual and also as president of the Walgreen Co., an Illinois corporation."

The record does not disclose any specific ruling by the Examiner of Interferences upon applicant's objections to the right of election granted opposer and its motion to vacate the order and dismiss the action, but in his final decision rendered June 13, 1941, he recognized the election, and proceeded to consider the case as an opposition by Charles R. Walgreen, Jr., standing alone as an individual, the corporation thus being, in effect, eliminated as an opposer.

In his decision there is nothing to indicate that the Examiner of Interferences considered the relationship of Charles R. Walgreen, Jr., to the corporation, as was suggested should be done in the paragraph above quoted from the notice of election, but, as we understand his decision, it was predicated solely upon the language of section 5 of the Trade-Mark Registration Act of February 20, 1905, reading, "Provided, That no mark which consists merely in the name of an individual * * * shall be registered under the terms of this Act."

The only distinction between the surname of opposer—"Walgreen"—and the mark which applicant seeks to register is that the latter contains the letter "d" at the end of its first syllable, so that the name is spelled "Waldgreen." The Examiner of Interferences (citing the cases of American Steel Foundries v. Robertson, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317, and Tinker v. M. F. Patterson Dental Supply Co, 53 App.D.C. 37, 287 F. 1014) said, inter alia:

"Since the first syllable of the mark contains a letter 'd' not present in the name these notations are not identical, and this affords an opportunity for reasoning that the one would not be likely to be mistaken for the other. From a practical point of view, however, it seems to the examiner that this difference would often be insufficient, under ordinary conditions of use, to enable the mark to be distinguished from the name. The visual resemblances between these notations greatly predominate over the differences, and in sound the differences, it is believed, would more often than not go unnoticed. Moreover 'Walgreen' is rather an unusual name and for this reason the differences between it and a notation such as 'Walgreen' ['Waldgreen'] would be much less obvious even to an observer having occasion to compare them than in the case of generally familiar words.

"In view of the foregoing the examiner is persuaded that the mark in issue, in the language of the court in the following case [Tinker v. Patterson Dental Supply Co., 53 App.D.C. 37, 287 F. 1014] 'is not sufficiently distinguished * * * to meet the statutory limitation against the registration of the name of an individual,' viz., that [of] the opposer."

In reversing the foregoing decision, from which applicant appealed, the assistant commissioner said:

"There is here no question of confusion in trade. The only question is whether or not 'Waldgreen' is opposer's name, and so forbidden registration by the proviso of section 5 of the Act of February 20, 1905 [15 U.S.C.A. § 85] 'that no mark which consists merely in the name of an individual * * * shall be registered.' If so the statutory bar to registration is absolute, and opposer need not prove that he would be damaged thereby; but otherwise I think such proof is necessary, and I find none in the record.

"Manifestly the two words 'Walgreen' and 'Waldgreen' are very similar, but they are not identical; and it will be observed that the quoted proviso of the statute makes no reference to marks that resemble the name of an individual. Registration is prohibited only where the mark 'consists merely' in such a name. 'Waldgreen' is not opposer's name; nor does it have any significance, so far as I am aware, as a surname or otherwise."

The assistant commissioner cited no authorities. The applicant (appellee here) filed no brief before us, nor was there any appearance on its behalf before us at the oral argument. In the brief on behalf of opposer (appellant here) a number of cases are cited in addition to those cited by the Examiner of Interferences, including the following: Asbestone Co. v. Philip Carey Co., 41 App.D.C. 507, 509; Baekeland v. Van Exem, Mar. 14, 1925, 146 M.D. 403, 15 T.–M.Rep. 176; Brown Chemical Co. v. Meyer, 139 U.S. 540, 548, 11 S.Ct. 625, 35 L.Ed. 247; Danco v. Chemical Laboratories, Inc., 46 U.S.P.Q. 390; Ford Motor Company and Ford v. Floyd, Oct. 20, 1926, 151 M.D. 337, 16 T.–M.Rep. 535, and Kroll Bros. Co. v. Rolls-Royce, Ltd., 126 F.2d 495, 29 C.C.P.A., Patents, 897.

While all the cited cases contain reasoning which tends to support appellant's contention, we are of opinion that the Tinker case, supra [53 App.D.C. 37, 287 F. 1015], is most nearly in point upon the issue here presented.

In that case one Dr. Edward T. Tinker (a practicing dentist) sought cancellation of the registration of a mark which the M. F. Patterson Dental Supply Company

had procured, consisting of the notation "IN⊤KER" for use on alloy metal for dental inlays and bridge work (a product similar to one which Dr. Tinker had developed but had not patented). The commissioner denied the petition for cancellation, proceeding, the court states, "upon the assumption that, inasmuch as Dr. Tinker had not engaged in any business in addition to the practice of his profession, or used his name to indicate the origin of any particular alloy made by him, he is not in position to claim that he has been damaged * * *."

In reversing the decision of the commissioner, the court said, in part:

"We think the case turns upon a different point. The mark here registered is the surname of appellant. It is not sufficiently distinguished * * * to meet the statutory limitation against the registration of the name of an individual or corporation as a trade-mark. * * * A man's name is sacred against use by another as a trade-mark.

* * * * *

"Whatever right the public may have acquired in the use of the product known as "Tinker Gold" is beside the case, since appellant's right to object to the registration by another of his name as a trade-mark is protected by statute. 33 Stats. L. 726, § 5 (Comp.St. § 9490 [15 U.S.C.A. § 85]).

"Nor does the public use of the product imply any dedication of appellant's name to trade-mark use, even if such use could legally be made. The designation "Tinker Gold" can be applied only to the formula discovered and published by Dr. Tinker. The name thus applied is merely descriptive of the gold formula. It has never acquired a trade-mark use; hence the use of the name as a trade-mark by registrant company is in direct violation of Dr. Tinker's statutory rights.

"Nor is appellant required to establish damage, as the result of the registration, in order to secure cancellation. As we held in the Asbestone case [see 41 App.D. C. 507, 509], the right of an individual to have the registration of his name canceled, like the right of opposition, is statutory, and proof of actual damage is not required, it will be presumed.

■ We think the reasoning of the court in that case was sound and the situation here, as we view it, is analogous in principle to the situation there. It is true that the mark at issue there contained only the letters of the name "Tinker," while here the letter "d," not present in opposer's name, is used as the last letter of the first syllable of the notation which applicant seeks to register, but we do not feel that this inclusion of the extra letter should be controlling. The spelling of proper names, as is well known, is more or less arbitrary, and we find nothing in the "name" provision of the statute inhibiting the consideration of pertinent elements other than spelling—such as similarity in pronunciation, and similarity in appearance. Obviously, "Walgreen" and "Waldgreen" are practically identical in appearance, and, when pronounced, practically identical in sound. In the final analysis the proposed mark is merely the name of the opposer.

It seems clear to us that the applicant's use of the mark amounts, in all practical aspects, to an appropriation of opposer's name, and that the notice of opposition should be sustained, as was held by the Examiner of Interferences.

Accordingly, the decision of the commissioner is reversed.

Reversed.