32 C.C.P.A.(Patents)

## HOLLY MOLDING DEVICES v. ESQUIRE, Inc.

### Patent Appeal No. 4967.

Court of Customs and Patent Appeals.

March 5, 1945.

Albert J. Fihe, of Chicago, Ill., for appellant.

Ernest A. Wegner, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The appellant, Holly Molding Devices, applied to the United States Patent Office for registration of its trade-mark, consisting of the word "Esquire" printed in block capitals of uniform size, placed in a straight line, for use upon hamburger molding machines. The appellee, Esquire, Inc., opposed said registration upon the ground that appellant sought to appropriate appellee's entire corporate name. The opposi-

tion is based upon that portion of the proviso to § 5 of the Trade-mark Act of February 20, 1905, which states that "no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner * * * shall be registered under the terms of this Act". 15 U.S.C.A. § 85 (1940), 15 U.S.C.A. § 85.

The record shows that the corporate name of appellee since 1939 (prior to appellant's first use of its trade-mark) has been Esquire, Inc. There is nothing except the answer of appellant to appellee's notice of opposition which discloses the nature of the goods dealt in by the appellee corporation, Esquire, Inc. While immaterial in view of our conclusion, it was disclosed, without controversy, in argument before this court that Esquire, Inc., appellee, is now and has been continuously, since 1939, publishing a well-known magazine under the title Esquire.

The Commissioner of Patents, speaking through an assistant commissioner, affirmed the decision of the Examiner of Trademark Interferences, which sustained the opposition and adjudged that the trademark should not be registered. 58 U.S. P.Q. 564. Appellant has here appealed and contends: (1) That appellee's corporate name is Esquire, Inc., that appellant has not appropriated the entire name of appellee, and that therefore appellant's mark does not consist *merely* in the name of the appellee corporation; (2) that hamburger molding machines are merchandise wholly different in character from magazines, and that therefore there is no likelihood of confusion; (3) that appellant's application shows the trade-mark to be printed in a "particular or distinctive manner".

The first question to determine is whether appellant's trade-mark "consists merely in the name of" the appellee corporation.

■ The Supreme Court of the United States interpreted the statutory provision now under consideration in the case of American Steel Foundries v. Robertson, 269 U.S. 372, 46 S.Ct. 160, 162, 70 L.Ed. 317. There the corporate name involved was the "Simplex Electric Heating Company". Another had attempted to appropriate for a trade-mark the word "Simplex". The Court laid down the following principle with reference to the said prohibition in the registration statute:

"The provision, therefore, that no mark consisting merely in the name of a corporation shall be registered, is to be construed in harmony with those established principles in respect of the appropriation of corporate names to which we have referred. Where the appropriation of the corporate name is complete, the rule of the statute, by its own terms, is absolute, and the proposed mark must be denied registration, without more; but, where less than the whole name has been appropriated, the right of registration will turn upon whether it appears that such partial appropriation is of such character and extent that, under the facts of the particular case, it is calculated to deceive or confuse the public to the injury of the corporation to which the name belongs."

■ Appellant contends that in determining whether it has appropriated the entire name of appellee, we cannot ignore the term "Inc." Appellee, agreeable to the holdings of the tribunals below, contends that in cases of this character the law is well settled that such terms as "Inc.", "Incorporated", "Company", etc., must be ignored. We are in agreement with the latter view.

We think the rule was clearly stated by Assistant Commissioner Frazer in White Cap Company v. Allied Stores Corporation, 41 U.S.P.Q. 554, in the following language:

"The examiner's ruling finds no support in the decisions of the courts or of the Commissioner of Patents. It has been the uniform practice to ignore such words as 'company,' 'incorporated' and 'limited' in corporate names, on the theory that they do not serve to identify any particular corporation. For example, it was held by the Court of Appeals of the District of Columbia in Asbestone Co. v. Philip Carey Manufacturing Co., 41 App.D.C. 507, that 'Asbestone' was the corporate name of The Asbestone Company; and that case was cited with approval by the Court of Customs and Patent Appeals in Feldman v. Amos and Andy, 68 F.2d 746, 21 C.C.P.A. [Patents] 823 [20 U.S.P.Q. 189]. In the Patent Office it has been held that 'Fire Fighter' is the corporate name of The Fyr-Fyter Company (The Fyr-Fyter Co. v. William L. Barrell Co., 475 O.G. 688, 32 U.S.P.Q. 260); that 'Wizard' is the corporate name of Wizard, Inc. (Ex parte Gruendler Crusher & Pulverizer Co., 156 Ms.D. 710, 10 U.S.P.Q. 174); and that 'Americanmaid'

is the corporate name of the American Maid Company (Ex parte The American Thermos Bottle Co., 156 Ms.D. 301, 4 U.S. P.Q. 326)."

On this phase of the question, we think it is unnecessary to discuss the several cases cited by the assistant commissioner in the above quotation, since they are all to the same effect.

 We are of the opinion, therefore, that appellant has appropriated the name of appellee within the meaning of the well-settled applicable rule, because the portion which it has not adopted does not serve to identify the corporation in any particular. The cases relied upon by the assistant commissioner and the examiner, we think, abundantly support this holding.

In holding as we do that appellant has appropriated the entire corporate name of appellee, notwithstanding the fact that it does not use the term "Inc.", we must consider the language of the statute when it says "consists merely in the name of * * [a] corporation". Appellant has taken all of the corporate name of appellee that has any bearing whatever on identifying the particular corporation, and it stands to reason that in the use of the term "merely", Congress did not contemplate that one would be privileged to appropriate everything about the corporate name that would serve to identify it and, by the omission of an insignificant part of the name, avoid the mandate of the provision.

We think appellant's second contention—that its mark is printed in a particular or distinctive manner—is without merit. The letters of the word "Esquire" are all capitals of the same type. There is nothing unusual, "particular or distinctive" about their appearance or arrangement. The correct rule on this subject was stated in the case of In re Artesian Manufacturing Company, 37 App.D.C. 113, by the Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia), quoting from the decision of the Commissioner of Patents in Ex parte Polar Knitting Mills, 154 O.G. 251, as follows:

"It is believed that the controlling principle underlying the requirement of the statute that a mere name, unless written or printed in a distinctive manner, may not be registered, is that the distinctive manner in which the name is displayed must be of a character as to give such a distinct impression to the eye of the ordinary observer as to outweigh the significance of the mere name."

See also In re Nisley Shoe Co., 58 F.2d 426, 19 C.C.P.A. (Patents) 1211, and In re American Steel & Wire Co. of New Jersey, 81 F.2d 397, 23 C.C.P.A. (Patents) 841.

Since we have held that appellant's mark is merely the name of appellee, we need not consider appellant's argument relating to the difference in character of its goods and those of appellee. American Steel Foundries v. Robertson, supra.

The decision of the Commissioner of Patents is affirmed.

Affirmed.