34 C.C.P.A.(Patents)

## HASKELITE MFG. CORPORATION v. PLYMOLD CORPORATION.

### Patent Appeals No. 5324.

Court of Customs and Patent Appeals.
June 17, 1947.

Fred Gerlach, of Chicago, Ill., for appellant.

Emery, Booth, Townsend, Miller & Weidner and Irving U. Townsend, Jr., all of Boston, Mass., for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision, 68 U.S. P.Q. 95, of the Commissioner of Patents, by the First Assistant Commissioner, affirming that of the Examiner of Interferences sustaining appellee's petition for cancellation of appellant's registration.

The proceeding was brought pursuant to section 13 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 93.

Appellant's application for registration, under the provisions of the Trade-Mark Act of 1905, of its involved mark "Plymold," as applied to " * * * unfinished plywood shapes in the form of shells and panels * * * " was filed September 24, 1943,

and the mark was registered June 8, 1943. July 22, 1942, was alleged to have been the date of the first use of the mark as applied to its goods.

Appellee was incorporated under the name of Plymold Corporation on July 10, 1942.

In the petition for cancellation it was alleged that appellant's registered mark so closely resembles the mark "Plytube" of appellee, registered on October 5, 1943, under the act of 1920, 15 U.S.C.A. § 121 et seq., and applied to goods of the same descriptive properties as those of appellant, that it was likely to cause confusion in trade. It was further alleged that the notation "Plymold" is descriptive of appellant's goods and also constitutes an appropriation of appellee's corporate name.

The allegations of the petition were traversed by answer and both parties took testimony and many exhibits were received in evidence.

It was held below that appellant's registered mark is merely the corporate name of appellee and it not distinctively displayed.

Appellant's mark is printed in capital letters with the middle letter "M" having lines extending from the legs thereof in horizontal fashion, over the left extension of which appear the letters "LY" and over the right extension the letters "OLD." The letters "P" and "D" are the longest letters. The letters "LY" and "OL" progressively diminished in height from each end of the word toward the center letter "M," which is the shortest letter in the mark. In other words the bottom of the letters is in a straight line and the top arrangement thereof is in the shape of an obtuse angle.

█ It is clear that appellant's mark is petitioner's corporate name. Holly Molding Devices v. Esquire, Inc., 148 F.2d 355, 32 C.C.P.A. (Patents) 935.

█ It is equally clear that appellant's mark is not distinctively displayed. In re American Steel & Wire Co. of New Jersey, 81 F.2d 397, 23 C.C.P.A. (Patents) 841.

Appellant contends that because the use of its mark precedes appellee's adoption of its corporate name there is no legal basis for cancellation.

█ Section 5 of the act, 15 U.S.C.A. § 85, prohibits the registration of a mark which consists merely of "* * * the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner * * *." That prohibition, as was stated by the commissioner, is absolute and contains no limitation as to the time of adoption of either the name or the mark. In his decision he cited the case of National Dairy Products Corporation v. Allied Mills, Inc., 469 O.G. 773, 30 U.S.P.Q. 274, an opposition proceeding, to support that statement and further said that such prohibition relating to registration of corporate names has been consistently followed in the Patent Office and has been recently affirmed in the case of Ex parte Brown & Williamson Tobacco Corporation, 166 Ms.D. 934.

From the commissioner's decision it appears that the Patent Office has not heretofore been called upon to apply the provisions of section 5, supra, in a cancellation proceeding where the precise question, as is here involved, was presented.

█ Section 13 of the act provides that any person who shall deem himself injured by the registration of a trade-mark may at any time apply to the Commissioner of Patents for cancellation thereof and that if it appears after a hearing before the examiner in charge of interferences that the registrant "* * * was not entitled to the use of the mark at the date of his application for registration thereof, * * * and the examiner shall so decide, the commissioner shall cancel the registration."

There can be no question but that the registration of another's corporate name to a competitor is a manifest injury to the corporation. Asbestone Co. v. Philip Carey Manufacturing Co., 41 App.D.C. 507, 1914 C.D. 146.

█ Since appellee was a corporate entity prior to the date upon which appellant made application for registration, appellant was not entitled to the exclusive use of its mark at the date thereof and, therefore, the registration was granted inadvertently in direct violation of section 5. Howard Co. v. Baldwin Co., 48 App.D.C. 437, 1924 C.D. 310, 313. Since that section was violated

appellant was not entitled to such use of its mark on the date of its application as would give it the right to registration and, therefore, section 13 clearly is authority under which cancellation of appellant's registration is proper.

The decision of the commissioner is affirmed.

Affirmed.

By reason of illness, GARRETT, Presiding Judge, was not present at the argument of this case and did not participate in the decision.