Rosa CONTINENTE, d/b/a G. Continente, Plaintiff-Appellant,

v.

John A. CONTINENTE, Defendant-Appellee.

No. 21124.

United States Court of Appeals Ninth Circuit.

May 5, 1967.

Harris Zimmerman, Gardner & Zimmerman, Oakland, Cal., for appellant.

William G. MacKay, San Francisco, Cal., for appellee.

Before POPE, HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

Rosa Continente, d/b/a G. Continente, brought this action against John A. Continente for alleged trademark infringement and unfair competition. Plaintiff sought injunctive relief and an accounting of profits and damages. Defendant denied that he had infringed plaintiff's trademark or competed unfairly and counterclaimed for cancellation of plaintiff's registered trademark as invalid.

Plaintiff's motion for a preliminary injunction was denied by District Judge Stanley A. Weigel. The case was tried before District Judge George B. Harris sitting without a jury. Judgment was entered dismissing both plaintiff's claim and defendant's counterclaim. Only plaintiff, Rosa Continente, appeals.

The basic theory of plaintiff's case, predicated on section 32(1) (a) of the Lanham Act (Act), 60 Stat. 437 (1946), as amended, 15 U.S.C. § 1114(1) (a) (1964), is that, in selling and distributing juice grapes, defendant uses a colorable imitation of plaintiff's registered mark for juice grapes, which is likely to cause confusion or to cause mistake, or to deceive. However, the district court held, in effect, that in view of the differences between plaintiff's and defendant's marks, and the different territorial areas in which the juice grapes are marketed, defendant's use of his mark is not likely to cause confusion or mistake, or to deceive.

We first summarize the essential facts as set out in the district court's findings. Rosa Continente is engaged in the growing and marketing of juice grapes at Oakley, California, having succeeded her husband, Giovanni Continente, who operated the business from 1937 until his death in 1954. From 1937 to the present time these grapes have been marketed under the name "Continente." Labels bearing that name in a particular style of lettering, usually coupled with the pictorial representation of a small girl, were placed on the side of grape lug boxes.

All of the grapes marketed by plaintiff and her deceased husband were sold through brokers and wholesale markets in New York City and were usually used for wine-making. Plaintiff did not advertise the "Continente" trademark to any substantial extent, nor has that name acquired a secondary meaning as applied to grapes or in connection with the marketing and sale of grapes.

On June 15, 1954, pursuant to the Act, certificate of registration No. 591,366 was issued by the United States Patent Office to Giovanni Continente d/b/a G. Continente for "CONTINENTE Brand." The certificate covered use of the name for fresh fruits—namely, grapes, apricots, plums, nectarines and other stone fruit—pursuant to the filing of a verified application claiming use of the mark for such products.[1] Since the death of her husband, plaintiff has been the owner of this registration.

Defendant John A. Continente, is the son of Andrew Continente, who worked with his brother Giovanni Continente, in the grape business from 1920 until Andrew's death in 1943. Since then, John has been engaged in producing and marketing juice grapes at Oakley, California. Prior to 1954 he sold his grape crop to Giovanni Continente and, after the latter's death in that year, to plaintiff, Rosa Continente. Beginning in 1962, John ceased selling his grapes to plaintiff and began marketing them himself under the name "Continente." Labels bearing this name were affixed to grape lug boxes for shipment to Vancouver, British Columbia.

1. Pursuant to sections 8(a) and 15 of the Lanham Act, 60 Stat. 431 and 433 (1946), 15 U.S.C. §§ 1058(a) and 1065 (1964), such an affidavit was thereafter filed by plaintiff in the United States Patent Office. However, during the five-year period here in issue plaintiff used the name "Continente" only in connection with the sale and marketing of grapes. On September 30, 1963, plaintiff applied for, and was thereafter granted by the Patent Office, an amendment of her registration showing that the trademark had been used only in connection with grapes during the 1954–1959 period.

While the 1962 season was still in progress, and following a written objection by the plaintiff to the use of these labels, John purchased rubber stamps bearing the indicia "John A." He stamped this additional name on his labels immediately above the word "Continente" during the remainder of the 1962 season, and during all of the 1963 season. John also made some use of the name "John A. Continente & Son" and "Giovanni," and on some labels the family name was misspelled "Continenti."

During the 1964 season, and pursuant to the ruling of Judge Weigel on the motion for a preliminary injunction, John marketed his grapes under a newly-printed label bearing the name "John A. Continente" in block lettering in type of equal size. These new labels are different in form and coloration from those of plaintiff.

The sale of grapes by defendant under the names "John A. Continente" and "J. A. Continente," has been made primarily to customers in Vancouver and Port Alberni, British Columbia. Defendant took every reasonable precaution to guard against confusing the purchasing public as between his grapes and those of plaintiff. No deception or attempted deception was practiced by him.

On the basis of these findings of fact, the district court found and concluded that defendant's use of his name as a trademark for his juice grapes was not likely to lead to mistake or confusion with plaintiff's use of "Continente" as a trademark for her juice grapes.

Plaintiff questions this determination and asks this court to decide the question of mistake or confusion for itself, even though the district court labeled its determination as a finding of fact. Defendant, on the other hand, asks us to apply the clearly erroneous test of Rule 52(a), Federal Rules of Civil Procedure and, applying that test, to sustain the trial court's finding on the question of the likelihood of consumer confusion between trademarks.

■ It is the rule of this circuit, subject to some qualifications not here relevant, that the question of the probability of confusion partakes more of the character of a conclusion of law than of a finding of fact as to which this court should make an independent determination. Fleischmann Distilling Corp. v. Maier Brewing Company, 9 Cir., 314 F.2d 149, 152. As to the qualification of this rule, see Plough, Inc. v. Kreis Laboratories, 9 Cir., 314 F.2d 635, 641.

In urging us to hold that there is likelihood of mistake and confusion in the instant case, plaintiff emphasizes these factors: the respective marks are used on goods of like descriptive qualities—namely juice grapes; both plaintiff and defendant grow grapes in, and ship them from, the same area; both labels show the origin of the grapes to be Oakley, California; the marks are generally similar; because of the tendency of people to abbreviate, the "John A. Continente" grapes are likely to be referred to as the "Continente" grapes; although "Continente" is a surname, it is not a common surname and therefore may be used in a trademark; and since plaintiff began using a "Continente" trademark, no one other than defendant has attempted to use that name in a trademark.

Defendant, on the other hand, directs our attention to the following circumstances: as counsel for plaintiff conceded during the trial, there is no indication that any customer has actually mistaken defendant's mark for plaintiff's, or has been confused between the two marks; there are substantial design differences between the two marks; there has been no substantial advertising of plaintiff's brand; and plaintiff's grapes have always been marketed in New York through a single outlet, while defendant's grapes have been marketed only in British Columbia.

■ If plaintiff had proved specific instances of confusion, we would probably be compelled to hold that the prerequisite for relief, likelihood of con-

fusion, is present.[2] This does not mean, however, that specific instances of confusion must be established to warrant a holding that there is likelihood of confusion. See Fleischmann Distilling Corp. v. Maier Brewing Company, 9 Cir., 314 F.2d 149, 159, n. 13. The circumstances of a particular case may be such that likelihood of confusion exists notwithstanding the absence of proof that anyone has been confused in the past.[3]

The circumstances of this case are such that if plaintiff and defendant were serving the same general geographic areas, there might be likelihood of confusion. However, since defendant markets his grapes only in British Columbia, and plaintiff markets hers only in the eastern part of the United States, we agree with the district court that, as long as these circumstances continue, defendant's use of his "John A. Continente" mark, in block letters without embellishment, is not likely to lead to confusion of, or mistake by, the buying public with regard to the two brands of juice grapes.

The following remarks of the Second Circuit in Dawn Donut Company v. Hart's Food Stores, Inc., 2 Cir., 267 F.2d 358, 364, are particularly relevant to the case now before this court:

"The Lanham Act, 15 U.S.C.A. § 1114, sets out the standard for awarding a registrant relief against the unauthorized use of his mark by another. It provides that the registrant may enjoin only that concurrent use which creates a likelihood of public confusion as to the origin of the product in connection with which the marks are used. Therefore if the use of the marks by the registrant and the unauthorized user are confined to two sufficiently distinct and geographically separate markets, with no likelihood that the registrant will expand his use into defendant's market,[4] so that no public confusion is possible, then the registrant is not entitled to enjoin the junior user's use of the mark. See, Fairway Foods, Inc. v. Fairway Markets, Inc., 9 Cir., 1955, 227 F.2d 193; * * *." (Footnote omitted.)

Plaintiff seeks to distinguish the Dawn Donut Company case upon the ground that the parties concerned in that case did business in separate and distinct geographical areas, whereas here, both plaintiff and defendant grew their grapes in, and distributed them from, Oakley, California. Insofar as this record shows, however, any possibility of confusion is related to the area where the grapes are marketed by jobbers, wholesalers and retailers, and not to Oakley, California, where knowledgeable brokers or others arrange for the shipment of plaintiff's grapes to the eastern market. See John R. Thompson Co. v. Holloway, 5 Cir., 366 F.2d 108, 114–115.[4]

Since there is nothing in the record before us to indicate that plaintiff's trade may reasonably be expected to expand into the British Columbia area, and there is nothing in the record to demonstrate the likelihood of public confusion arising from the present use, by defendant, of his mark in British Columbia, and there is no problem of dilution of the distinctiveness of plaintiff's mark, such as was mentioned in Fleischmann Distilling Corp. v. Maier Brewing Co., 9 Cir., 314 F.2d 149, 161, plaintiff is not now entitled to any relief under the Lanham Act.

In view of our conclusion that as defendant and plaintiff presently use their respective marks, there is no likelihood of confusion or mistake on the part of

2. See Section 32(1) (a) of the Act, 60 Stat. 437 (1946) as amended, 15 U.S.C. § 1114(1) (a) (1964).

3. As stated in the Fleischmann decision, in deciding the question of confusing similarity, each case must stand on its own facts, and prior decisions are not particularly helpful. 314 F.2d at 160.

4. The record indicates that plaintiff so understood the problem, for the questions concerning confusion, asked of defendant on plaintiff's behalf, dealt with possible confusion in British Columbia and New York, not in Oakley, California.

the public, other questions raised in the briefs need not be considered. Whatever the answer to them may be, plaintiff would not, in view of our holding, be entitled to relief at this time.

Affirmed.