**7-11 MINIT MARKETS, INC., and Akert-Baldwin 7-11 Minit Market, Plaintiffs,**

v.

**The SOUTHLAND CORPORATION, Defendant.**

**Civ. No. 1939–N.**

United States District Court
D. Nevada.

April 3, 1969.

Bible, McDonald, Carano & Wilson, Reno, Nev., for plaintiffs.

Cushman, Darby & Cushman, Washington, D.C., and Adams, Reed & Bowen, Reno, Nev., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

THOMPSON, District Judge.

On August 2, 1968, the Defendant filed a Motion for Summary Judgment. On October 30, 1968, Plaintiffs served an offer of judgment, offering to concede all relief sought by the Defendant by its motion except an award of attorney's fees to the Defendant. This position was reasserted at the hearing on the Motion for Summary Judgment, but the Defendant persisted in seeking attorney fees as a punitive measure and a precedential example to others. Thus, the only issue before the Court is whether or not an allowance of attorney fees should be made.

To the extent relief is granted under the Lanham Act (15 U.S.C. § 1051 et seq.), attorney fees are not allowable. Cf. Maier Brewing Company v. Fleischmann Distilling Corp., 9 Cir., 359 F.2d 156 (1966). If relief is granted under a common law theory of unfair competition, attorney fees may be allowed if

Plaintiffs' acts were willful and calculated to trade upon the Defendant's goodwill. Cf. National Van Lines v. Dean, 9 Cir., 237 F.2d 688 (1956). Under the Nevada statute enacted in 1907, governing the registration and protection of trade-marks, trade names, and labels (N.R.S. 600.010 et seq.), attorney fees are recoverable.

■ Both parties to this action had a registered trade-mark under the Nevada statute. On May 6, 1966, the Secretary of State of Nevada issued a certificate to Plantiffs of the record of the trade-mark "7–11 Minit Market." On November 16, 1962, the Secretary of State of Nevada issued a certificate to the Defendant of the record of the trade-mark "7–Eleven", for retail grocery service. The Nevada statute declares (N.R.S. 600.010(3): "The certificate of record shall in all actions * * * be sufficient proof of the adoption of such label, trade-mark or form of advertisement, and the right of the person, association or union to adopt the same."

Neither the statute nor court decision deals with conflicting registrations. The Attorney General of Nevada has had occasion, however, to interpret the Nevada trade-mark statute (AGO 151, 2–16–18) and has concluded that because the common law of unfair competition is the law of Nevada, regardless of a registration statute, it is the duty of the Secretary of State upon submission of an application for recordation under the statute to reject the application if the design or mark submitted is so similar to a registered mark that the public may be deceived by reason of the similarity. It may be that this interpretation, which seems sound to us, may have been ignored by Secretaries of State in their performance of their administrative duties under the registration statute; or it may be that the Secretary of State observed no deceptive similarity between "7–11 Minit Markets" and the mark "7–Eleven" for retail grocery service. In either case it is difficult to impugn Plaintiffs' good faith in using "7–11 Minit Markets" for their stores when the registration was accepted by the Secretary of State, the conduct of Plaintiffs in bringing this action against the Defendant may easily be viewed as consistent with reliance on the Nevada registration and the statutory declaration that the Secretary of State's certificate of record shall be sufficient proof of the "right of the person * * * to adopt" the label, trade-mark, or form of advertising, rather than, as argued by the Defendant, an act of willful oppression on the part of Plaintiffs.

Because the dual registration was accepted by the Secretary of State, we conclude that Defendant cannot recover attorney fees under the Nevada statutory authorization and must rely upon the underlying common law of unfair competition.

■ Plaintiffs were the first in the Reno marketing area to use the 7–11 mark, and their entire trade-mark "7–11 Minit Markets" is not so patently a copy as to justify an inference of willful purpose to deceive or to trade on the goodwill of another. The use was not actionable until such time as there was actual likelihood of confusion of purchasers. Cf. Continente v. Continente, 9 Cir., 378 F.2d 279 (1967). In consideration of all the premises we have concluded that the Defendant's claim for attorney fees should not be allowed.

There is no disputed issue of material fact respecting the allegations set forth in the Defendant's counterclaim and the Court finds the facts there alleged to be true, excepting those allegations which characterize Plaintiffs' conduct as willful, oppressive, fraudulent, in bad faith, or an abuse of process.

Accordingly,

It hereby is ordered that the Defendant's Motion for Summary Judgment be and it hereby is granted for the relief conceded in the Offer of Judgment served October 30, 1968, and filed January 31, 1969. The Defendant shall prepare and submit an appropriate form of judgment.