**43** C.C.P.A. (Patents)

### Application of WALKER PROCESS EQUIPMENT, Inc.
### Patent Appeal No. 6194.

United States Court of Customs and Patent Appeals.
May 15, 1956.

Louis Robertson, Chicago, Ill., for appellant.

Clarence W. Moore, Washington, D. C., for Commissioner of Patents.

Before JOHNSON, Acting Chief Judge, and WORLEY and JACKSON, retired Judges.

WORLEY, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents affirming the decision of the Trade-Mark Examiner refusing registration on the Principal Register of the words "Walker Process Equipment Inc." Registration was refused on the ground that the words, as used, do not constitute a trademark but are merely appellant's corporate name used in a trade name sense.

The record shows that appellant has used the words "Walker Process Equipment Inc." in association with the word "Proquip," the latter being displayed in larger letters. The specimens submitted also include "Aurora Illinois" or "Aurora Ill. U.S.A." The Assistant Commissioner observed that "It is clearly apparent and applicant does not deny that 'Proquip' is a trade-mark for its products." There is nothing in the record to refute that statement and it will therefore be accepted as accurate.

The issue is whether the use of the words "Walker Process Equipment Inc." in the described manner constitutes use as a trade-mark, or, as held by the Patent Office tribunals, the words are merely a trade name used as such. The distinction between trade-marks and trade names is not always clear. As pointed out by the Supreme Court in American Steel Foundries v. Robertson, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317, the two terms may sometimes overlap, but, generally speaking, a trade-mark

is applicable to a vendible commodity and a trade name to a business. In that decision, the Court stated that a corporate name seems to fall more appropriately into the class of trade names.

The distinction between trade-marks and trade names was considered by this court in In re Lyndale Farm, 186 F.2d 723, 726, 38 C.C.P.A., Patents, 825. That case involved the words "Lyndale Farm," which had been affixed by means of tags, to crates in which cattle were shipped. The tags also bore the words "Floydada, Texas," that being the location of the farm. This court said:

> "Trade-marks and trade names are distinct legal concepts within the ambit of the law of unfair competition. A trade-mark is fanciful and distinctive, arbitrary and unique. A trade name may be descriptive, generic, geographic, common in a trade sense, personal, firm, or corporate. A trade-mark's function is to identify and distinguish a product, whereas a trade name's function is to identify and distinguish a business."

It was further noted that the Lanham Act, Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., contains no provision permitting registration of trade names, as such, on the Principal Register, although section 2(f) "would permit inter alia a trade name which has become distinctive of applicant's goods in commerce to be registered on the principal register upon a showing of adequate proof of distinctiveness", but that the Lyndale application was not filed under the provisions of that section. (Italics quoted.)

■ It is emphasized by appellant here that the decision in the Lyndale Farm case is based, at least in part, on the fact that the tags bearing the words "Lyndale Farm" were not attached to the goods (cattle), but to the crates in which they were shipped and from which it was presumed they were removed before being sold. In that respect the Lyndale Farm case differs from the instant one, since the words "Walker Process Equip-ment Inc." are applied directly to appellant's goods. However, the Lyndale Farm decision does not hold that a trade name *ipso facto* becomes a trade-mark when it is applied to merchandise. That is but one of the factors to be considered in determining whether there has been a trade-mark use.

■ There can be no doubt that the words "Walker Process Equipment Inc." constitute a trade name, but that, in itself, would not necessarily preclude them from being a trade-mark as well since, as observed in the American Steel Foundries case, the name of a corporation may be a trade-mark, a trade name, or both.

As defined in the Lanham Act, "The term 'trade-mark' includes any word, name, symbol, or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured and sold by others." 15 U.S.C.A. § 1127.

It seems obvious, as was pointed out by the Assistant Commissioner, that the words "Walker Process Equipment Inc." were adopted primarily for the purpose of identifying the applicant and distinguishing it from other producers of goods rather than for the purpose of identifying or distinguishing its goods from those of other producers.

Since the words "Walker Process Equipment Inc." were not adopted to identify or distinguish goods, and would not, standing alone, be considered a trade-mark, any trade-mark significance which they might have must be of a secondary nature acquired as the result of use. It is therefore necessary to further examine how those words were used.

As above stated, the specimens submitted by appellant show that the words "Walker Process Equipment Inc." are used in association with the words "Aurora Illinois" or "Aurora Ill. U.S.A." and with the trade-mark "Proquip," which is more prominently displayed than the other words.

Since the word "Proquip" is a trade-mark, it must necessarily identify and

distinguish the goods to which it is applied, and being the most prominent feature of the specimens presented, it is obviously intended to be the principal means of identification. The words "Walker Process Equipment Inc." are therefore clearly unnecessary so far as any trade-mark purpose is concerned, since the goods are sufficiently identified without them by an arbitrary word which would normally be considered to be a trade-mark. While it may be that two or more distinct trade-marks may be applied simultaneously to the same goods, that is clearly not the usual practice, and where, as here, the most prominent feature of a label is a word which is unquestionably a trade-mark, the natural inference would be that the remaining words on the label are not to be considered a trade-mark.

Moreover, in the instant case, each of the specimens includes the words "Aurora Illinois" or "Aurora Ill. U.S.A." displayed in such a manner as to make it clear they indicate the location of Walker Process Equipment Inc. In the Lyndale Farm case this court said:

> "Furthermore, the inference is created by the addition of the address 'Floydada, Texas' to the placard that the use here involved does not so much distinguish appellant's cattle as it identifies appellant as the source of the shipment while the crate and its contents are in transit. That is trade name usage as distinguished from trade-mark usage."

Similarly here the addition of the address of Walker Process Equipment Inc. suggests that the name of the corporation is not being used as a trade-mark.

 Obviously, the question of whether a corporate name, which is also a trade name, has been used as a trade-mark must be decided on the circumstances of each particular case. The initial presumption is that a corporate name is a trade name rather than a trade-mark. As was noted in the Lyndale Farm case, a trade name which has become distinctive of an applicant's goods in commerce may be registrable under section 2(f) of the 1946 Trade-Mark Act. Whether it is possible for a trade name to be registered as a trade-mark in any other manner is a question which need not be decided here, since, for the reasons given, we agree with the lower tribunals that appellant has failed to show a trade-mark use of the words involved and, accordingly, is not entitled to the registration sought.

A situation similar to that here was before the United States District Court for the District of Columbia in Duncan Electric Mfg. Co. v. Marzall, Commissioner of Patents, 95 U.S.P.Q. 242, where it was held the words "Duncan Electric Mfg. Co." had not been used in a trademark sense.

Appellant relies on Ex partes Dallioux, 83 U.S.P.Q. 262, holding the name "Andre Dallioux" to be registrable as a trade-mark. That case, however, was concerned with the prohibition in section 2(e) of the 1946 Act against the registration of a mark which is "primarily merely a surname" and did not involve the manner in which the name was used. Therefore, it is not in point with the facts here.

The decision appealed from is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.

O'CONNELL and COLE, JJ., because of illness, did not participate in the hearing or decision of this case.