Application of BAKER INDUSTRIES, INC.

Appeal No. 77–575.

United States Court of Customs and Patent Appeals.

Dec. 8, 1977.

Albert L. Ely, Jr., Ely & Golrick, Cleveland, Ohio, attorney of record, for appellant.

---

Joseph F. Nakamura, Washington, D.C., for the Commissioner of Patents, Fred W. Sherling, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board (TTAB), 193 USPQ 122 (1976), denying registration on the Principal Register of the words "The Protective Service Company" in application serial No. 421,141, filed April 12, 1972, for electrical and/or electronic sensing, transmitting, and alarm signal devices. The TTAB based its decision on the ground that the words neither identify the source of the goods nor distinguish the goods from other such goods in accordance with the definition of "trade-mark" set forth in section 45 of the Lanham Act (Trademark Act of 1946).[1] We affirm.

During the prosecution, appellant presented specimens, postal meter mailing tapes, which showed the actual use of the words in commerce. The mailing tapes are affixed to packages in which appellant's goods are mailed. The words, which appellant argues are in the nature of a slogan, are used on the packages in conjunction with appellant's trade name, Baker Industries. Appellant further argues that the slogan distinguishes the goods in accordance with requirements of section 45.

## OPINION

In their briefs before the court, both parties cited *In re Walker Process Equipment, Inc.*, 43 CCPA 913, 233 F.2d 329, 110 USPQ 41 (1956) (hereinafter cited as *Walker*). *Walker* involved an attempt to register "Walker Process Equipment Inc." as a trademark. The facts show that this phrase was used in conjunction with "Proquip," a registered trademark. Regarding the issue of whether the company name served also as a trademark to identify and to distinguish appellant's goods, the court concluded that the company name was not so used. A significant fact which supported the conclusion was placement of appellant's address with the company name. The inclusion of the address more fully identified appellant than the goods. Further, the juxtaposition of the trademark "Proquip" and the company name diminished any trademark significance the latter would have had.

A case cited in *Walker* is *In re Lyndale Farm*, 38 CCPA 825, 186 F.2d 723, 88 USPQ 377 (1951). In that case, appellant appealed from a TTAB decision denying registration of "Lyndale Farm," a trade name, which was used on crates in which appellant transported cattle. Cojoined with the trade name was appellant's address. The function of the trade name, the court concluded, was to identify appellant while the cattle were in transit.

We believe that the two cases discussed above have a common thread, that the company name served to identify the applicant in each case. This function is without significance for establishing a trademark defined by the statute:

The term "trade-mark" includes any word, name, symbol, or device or any combination thereof adopted and used by a *manufacturer or merchant to identify his goods* and distinguish them from those manufactured or sold by others. [15 U.S.C. § 1127. Emphasis ours.]

The rationale underlying the above cases is that a trademark "identify his [applicant's] goods and distinguish them from those manufactured or sold by others."

In view of the above discussion, we conclude that appellant's slogan does not identify and distinguish its goods in accordance with the statutory definition of "trademark," but, rather, serves to distinguish appellant from other companies having the name, Baker. The decision of the TTAB is *affirmed.*

*AFFIRMED*

LANE, J., concurs in the result.

1. 15 U.S.C. § 1127.