**Application of the PENNSYLVANIA FASHION FACTORY, INC.**

**Appeal No. 78-577.**

United States Courts of Customs and Patent Appeals.

Dec. 7, 1978.

Rehearing Denied Jan. 18, 1979.

1344

Hymen Diamond, Pittsburgh, Pa., attorney of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Fred W. Sherling, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This appeal is from the decision of the Patent and Trademark Office Trademark Trial and Appeal Board (TTAB), reported at 198 USPQ 568 (1978), affirming the examiner's refusal of appellant's application[1] to register on the Principal Register THE FASHION FACTORY and design as a trademark for costume jewelry; handbags;

1. Serial No. 44,276, filed February 14, 1975.

2. Rule 2.56 of the Trademark Rules of Practice, 37 CFR 2.56, requires that "[t]he application

and ladies' and juniors' dresses, slacks, sweaters, blouses, bathing suits, jackets, and gloves. We affirm.

## Background

Appellant, whose trade name is THE FASHION FACTORY, is a retail merchant which predominantly sells juniors' and misses' clothing and related accessories. The goods specified in the application, as set forth *supra,* are those which it sells and are those for which it seeks to register as a trademark the following stylized version of its trade name:

The specimens [2] submitted with the application are paper bags on which the stylized version of its trade name appears. The goods are sold in appellant's store, and after being purchased by a customer are placed in these bags for the convenience of the customer in carrying them away.

A majority of the TTAB, 198 USPQ at 570, in agreeing with the examiner, concluded that the specimens did not evince a trademark use of the words proposed for registration but, instead, identified the appellant as an establishment.

The dissent, 198 USPQ at 570, could see no reason to refuse registration to appellant. According to it, section 45 of the Trademark Act, 15 U.S.C. § 1127, specifically contemplates the acquisition of a trademark by a "merchant," and specifically sanctions the use of a mark on "containers" for goods. Since paper bags are containers for appellant's goods, and since merchants are not disqualified from acquiring a trademark registration, it would grant registration to appellant. The dissent's reasoning substantially reflects appellant's position on appeal.

. . . include five specimens of the trademark as actually used on or in connection with the goods in commerce."

## OPINION

Simply stated, the issue to be decided is whether the use of THE FASHION FACTORY in the above-described manner constitutes use as a trademark or use as a trade name. For reasons to be discussed hereinbelow, we hold that the specimens evidence only trade name usage.

■ Section 2 of the Trademark Act, 15 U.S.C. § 1052, provides, *inter alia,* that "[n]o trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register . . . ." Section 45, 15 U.S.C. § 1127, distinguishes trade names and trademarks as follows:

> The terms "trade name" and "commercial name" include individual names and surnames, firm names and trade names used by manufacturers, industrialists, merchants, agriculturists, and others to identify their businesses, vocations, or occupations; the names or titles lawfully adopted and used by persons, firms, associations, corporations, companies, unions, and any manufacturing, industrial, commercial, agricultural, or other organizations engaged in trade or commerce and capable of suing and being sued in a court of law.

> The term "trade-mark" includes any word, name, symbol, or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others.

Thus, as can be seen from the above, the Trademark Act mandates that a line be drawn between trade name use and trademark use since trade names *qua* trade names do not qualify for registration.

■ Since THE FASHION FACTORY is the trade name for appellant's retail store, there is a presumption that the present usage is also that of a trade name. *See In re Walker Process Equipment Inc.,* 43 CCPA 913, 233 F.2d 329, 110 USPQ 41 (1956). With this as a premise, we now turn to the facts.

■ The paper bags submitted as evidence of usage are of the variety normally found near cash registers of retail stores, and normally used by salespersons to insert merchandise purchased by customers. The record, albeit scant, does not suggest that appellant is using its paper bags in a manner which differs from the normal usage. Moreover, both the examiner and the TTAB construed appellant's usage of its bags in the same manner as we have, and appellant has not contested that construction. In our view, trademark use is not established where goods are displayed in appellant's retail store without the words sought to be registered, are selected and purchased by a customer, and are thereafter placed in a bag, for the convenience of the customer in carrying them away, bearing words which are the trade name of its store. This usage of THE FASHION FACTORY only identifies the store, and, as such, is a trade name usage.

Appellant makes much of the fact that the definition of "trade-mark" in section 45, *supra,* specifically contemplates the adoption and use of a mark by a "merchant." That a "merchant" *qua* "merchant" can acquire trademarks begs the question of whether appellant *is using* the words sought to be registered *as a trademark.*

Also relied upon by appellant is the following excerpt from section 45, 15 U.S.C. § 1127:

> For the purposes of this chapter a mark shall be deemed to be used in commerce (a) on goods when it is placed in any manner on the goods *or their containers* . . . . [Emphasis added.]

It is argued that this is a specific sanction for appellant's use of THE FASHION FACTORY on bags into which the goods are inserted. A somewhat analogous argument was presented in *In re Lyndale Farm,* 38 CCPA 825, 186 F.2d 723, 88 USPQ 377 (1951). In that case, appellant therein, whose trade name was "Lyndale Farm," sought to register that name as a trademark for live cattle. The name, along with the location of the farm, was placed on

labels or tags which were applied to the crates in which cattle were shipped. Appellant argued that the crates were "containers" within the meaning of section 45. In response, the court stated, *id.* at 831, 186 F.2d at 728, 88 USPQ at 381:

> Section 45 . . . do[es] not establish a rule that affixation of a name to *any container* in which goods are or may be placed at *any stage* of the transportation or marketing process is trademark usage in commerce. [Emphasis added.]

As in *Lyndale Farm, supra,* the mere fact that appellant's goods are placed in bags (bearing the words sought to be registered) during a particular phase of the transportation process does not, *ipso facto,* establish trademark usage of those words.

Accordingly, since appellant has not established trademark usage of THE FASHION FACTORY, the decision of the TTAB is *affirmed.*

*AFFIRMED.*